**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PLAINTIFF, | ) | Case No. |
| | ) | |
|    Plaintiff(s), | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge _____ |
| | ) | |
| DEFENDANT, | ) | |
| | ) | |
|    Defendant(s). | ) | |
| | ) | |

**RULE 26(F) REPORT OF THE PARTIES**
(updated January 3, 2023)

When preparing this Report, please note that the Court will refer back to this document throughout the pretrial management of the case.

**1.**     **Attendance at 26(f) Conference.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a conference was held on _____, 2023, in person/over the phone/by Zoom, and attended by:

_____, counsel for Plaintiff(s) _____;

_____, counsel for Plaintiff(s) _____;

_____, counsel for Plaintiff(s) _____;

and

_____, counsel for Defendant(s) _____;

_____, counsel for Defendant(s) _____;

_____, counsel for Defendant(s) _____.

**2.    Initial Disclosures.**

The Court **strongly** prefers that the parties exchange *robust* initial disclosures at least 7 days *before* the Rule 26(f) conference to facilitate discussions.

**SCHEDULING THE CASE MANAGEMENT CONFERENCE:**

At the request of the parties, the Court will reschedule the case management conference to allow the parties to exchange initial disclosures before the Rule 26(f) conference.

---

**IMPORTANT NOTICE FOR PARTIES:**

Before counsel commit to dates and a discovery plan, the Court expects that they have consulted with their respective clients and that clients have provided counsel with sufficient and accurate information to conduct a meaningful conference with opposing counsel and the Court, including on matters regarding discovery of electronically stored information and the key issues on which the parties require early and limited discovery or rulings to facilitate prompt resolution, if one is possible.

Once the Court sets dates at the case management conference or at any subsequent conference, the Court will *not* change those deadlines without a showing of good cause. Good cause does not include a failure to conduct a reasonable investigation or to have an adequate conference about the issues before the deadline was set.

---

The parties:

\_\_\_    have exchanged the pre-discovery disclosures required by Rule 26(a)(1);

\_\_\_    will exchange such disclosures by _____;

>   If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures:

\_\_\_    have not been required to make initial disclosures.

>   If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

2

3. **Track.**

   The parties recommend the following track for this matter:

   ___ Standard          ___ Expedited          ___ Complex

   ___ Administrative    ___ Mass Tort

4. **Consent to Magistrate Judge.**

   The parties ___ **DO** / ___ **DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

   Short of the case as a whole, are there any specific issues or limited proceedings, such as motions for preliminary injunction, hearings or discovery geared toward a dispositive issue, for which partial consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) might be appropriate?

   If so, please identify those issues or proceedings to which the parties are willing to consent:

5. **Preservation.**

   Did the parties discuss issues relating to the preservation of documents?

       ___ Yes      ___ No

   Did the parties discuss issues relating to the preservation of electronically stored information, including emails, social media, or other information?

       ___ Yes      ___ No

**6. Electronically Stored Information.**

Have counsel conferred with their respective clients about the types, sources, and volume of potentially discoverable electronically stored information?

  Counsel for Plaintiff: _____

  Counsel for Defendant: _____

The parties:

\_\_\_ agree that there will be no discovery of electronically stored information;

\_\_\_ have agreed to a method for conducting discovery of electronically stored information, which they will submit to the Court for entry by _____; or

\_\_\_ have agreed to follow the default standard for discovery of electronically stored information found in Appendix K to the Local Rules.

If using Appendix K to the Local Rules, by initialing below counsel certify that they exchanged the information required by Paragraphs 3(a) and 3(d) of Appendix K and designated an e-discovery coordinator pursuant to Paragraph 4.

  Counsel for Plaintiff _____

  Counsel for Defendant _____

Please identify the designated e-discovery coordinator:

  Plaintiff: _____

  Defendant: _____

7. **Claims of Privilege or Protection.**

   The parties have discussed issues regarding information protected by attorney-client privilege and the work-product doctrine:

   ___ Yes         ___ No

   The parties have agreed to a procedure to assert these claims, or any other agreement, under Rule 502 of the Federal Rules of Evidence:

   ___ Yes         ___ No

   The parties have agreed on a procedure to assert claims of privilege or protection *after* production:

   ___ Yes         ___ No

   The parties agree that the Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before the Court, and further that any such disclosure does not operate as a waiver in any other federal or State proceeding:

   ___ Yes         ___ No

   If the parties do not believe the Court should enter an order pursuant to Rule 502(d), please explain:

5

**8.     Protective Order.**

The parties have discussed whether the Court should enter a protective order to facilitate discovery:

    ___ Yes      ___ No

The parties believe the Court should enter a protective order in this case:

___ Yes

___ No

___ Not at this time, but possibly later

___ The parties disagree

If yes, the parties agree to follow the form protective order found in Appendix L to the Local Rules:

    ___ Yes      ___ No

If the parties believe that the case warrants use of the two-tier version of the Appendix L protective order, please say so here and briefly indicate why:

If not, please explain what variations to the form protective order found in Appendix L are needed:

**9. Recommended Plan for Case Management and Discovery.**

> **IMPORTANT NOTICE FOR PARTIES:**
>
> At the request of the parties, the Court will reschedule the case management conference to allow counsel to provide as complete, specific, and meaningful information as possible in this section.
>
> The Court understands that the information provided here will change during the course of litigation, but expects parties to exercise reasonable diligence and act in good faith to provide this information at the outset of the case.

> What are the *specific* disputes of fact or law at the heart of the case that will drive dispositive motions, trial on the merits, or another resolution?

Bearing in mind the proportionality requirement of Rule 26(b)(1), please provide the following information:

> What discovery, if any, is necessary to frame the disputes of law or fact identified above or other key issues? If that discovery includes depositions, please identify the deponent by name (if known), with a brief description of the witness's role in the case and what information the party taking the deposition seeks to discover.

Again, mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

> Not including discovery regarding authenticity, ministerial matters, or the like:
>
>> How many requests for production of documents do counsel anticipate serving?
>>
>>> Plaintiff: _____
>>>
>>> Defendant: _____
>>
>> How many requests for admission do counsel anticipate serving?
>>
>>> Plaintiff: _____
>>>
>>> Defendant: _____
>
> What motions, if any, do the parties anticipate filing?
>
> Do the parties anticipate serving any third-party subpoenas? If so, please identify the recipients and information sought:

8

Mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

    Please identify the subjects, if any, on which the parties anticipate expert testimony:

    Please describe, in detail, the additional subjects, if any, on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

    What changes, if any, should be made to the limitations on discovery under the Rules?  Should discovery proceed in stages or phases or be sequenced in any particular fashion?

    What other limitations on discovery, if any, do the parties believe should be imposed?

What other issues do the parties anticipate arising in discovery or in the life of the case?

**10.** **Alternative Dispute Resolution.**

    The parties agree that this matter:

    \_\_\_    is *presently suitable* for alternative dispute resolution ("ADR") and recommend the following method:

        \_\_\_    Early Neutral Evaluation    \_\_\_    Mediation

        \_\_\_    Arbitration    \_\_\_    Summary Jury Trial

        \_\_\_    Summary Bench Trial

    \_\_\_    is *not presently suitable* for ADR, but may be after some discovery.

    If the parties believe this matter is not presently suitable for ADR, please identify with particularity what discovery would be necessary before ADR might be appropriate:

    \_\_\_    is *not suitable* for ADR at any time.

    If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

11. **Proposed Dates.**

> **IMPORTANT NOTICE:**
>
> If the Court enters a Case Management Order with dates the parties propose, those deadlines will not be adjusted except on a showing of good cause made sufficiently in advance of the deadline.

Subject to that admonition, the parties propose the following dates for this matter:

Cut-off Date to Amend the Pleadings: _____

Cut-off Date to Add Parties: _____

Deadline for Motions Directed at the Pleadings: _____

Fact Discovery Cut-Off: _____

Initial Expert Report(s) Due: _____

Rebuttal Expert Report(s) Due: _____

Expert Discovery Cut-Off: _____

Dispositive Motion Deadline: _____

Status Conference: _____

The next status conference should be held: by phone/using Zoom/in person

**12.   Other Matters.**

If there are other matters the parties would like to bring to the Court's attention, please do so here:

**Signatures, Representations, and Commitments:**

The Court requires counsel and parties to sign this Report. In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

_____     _____
Plaintiff                                                  Defendant

_____     _____
Attorney for Plaintiff                            Attorney for Defendant