UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, | ) |
|           Plaintiff, | ) Case No. 1:23-cv-02099-JPC |
| vs. | ) Judge J. Philip Calabrese |
| Gray Media Group, Inc., | ) |
|           Defendant. | ) |

**RULE 26(F) REPORT OF THE PARTIES**
(updated January 3, 2023)

When preparing this Report, please note that the Court will refer back to this document throughout the pretrial management of the case.

1.  Attendance at 26(f) Conference.

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a conference was held on November 30, 2023. The call was attended by:

David Glenn Phillips, counsel for plaintiff Chuck Booms

and

Matthew J. Cavanagh, counsel for defendant Gray Media Group, Inc.

**Chuck Booms' Position:** Plaintiff contends that the November 30, 2023 call was a preliminary meeting and that the Rule 26(f) conference was completed through the week of January 1, 2024, as on November 30, 2023, the parties have not agreed upon the final Report or discovery plan. Plaintiff has no interest in delaying discovery, but he simply believes the intital discussion was a step taken by the Defendant to prompt early discovery (and then seek to limit discovery on its own later through its argument of bifurcation) as the conference between the parties on November 30th was truly preliminary in nature.

**Gray Media's Position:** Booms has taken the position that the attorneys' Nov. 30 conference was "preliminary" because he wishes to delay responding to Gray Media's interrogatories and document requests. Gray Media served its requests, which are narrow and limited to liability

issues, after the parties' November 30 call in accordance with Fed. Civ. R. 26(d) (barring discovery "before the parties have conferred as required by Rule 26(f)"). Gray Media served discovery now to avoid delay, and so it would be in a position to move for early summary judgment on liability as requested later in this report. Booms's discovery responses were due on January 2, 2024. If Booms needs more time to respond to discovery, then he should simply state why he needs more time and commit to a reasonable date certain by which he will provide the discovery. The undersigned has always consented to reasonable extensions, especially during the holidays. A dispute over whether the parties' Rule 26(f) call was valid to trigger the start of discovery is unnecessary and counterproductive.

2. **Initial Disclosures.**

The Court strongly prefers that the parties exchange robust initial disclosures at least 7 days before the Rule 26(f) conference to facilitate discussions.

**SCHEDULING THE CASE MANAGEMENT CONFERENCE:**

At the request of the parties, the Court will reschedule the case management conference to allow the parties to exchange initial disclosures before the Rule 26(f) conference.

**IMPORTANT NOTICE FOR PARTIES:**

Before counsel commit to dates and a discovery plan, the Court expects that they have consulted with their respective clients and that clients have provided counsel with sufficient and accurate information to conduct a meaningful conference with opposing counsel and the Court, including on matters regarding discovery of electronically stored information and the key issues on which the parties require early and limited discovery or rulings to facilitate prompt resolution, if one is possible.

Once the Court sets dates at the case management conference or at any subsequent conference, the Court will *not* change those deadlines without a showing of good cause. Good cause does not include a failure to conduct a reasonable investigation or to have an adequate conference about the issues before the deadline was set.

The parties:

__x__ have exchanged the pre-discovery disclosures required by Rule 26(a)(1);

_____ will exchange such disclosures by _____;

If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures:

    \_\_\_\_\_ have not been required to make initial disclosures.

    If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

**3. Track.**

The parties recommend the following track for this matter:

  \_\_x\_\_ Standard             \_\_\_\_\_ Expedited             \_\_\_\_\_ Complex

  \_\_\_\_\_ Administrative             \_\_\_\_\_ Mass Tort

**4. Consent to Magistrate Judge.**

The parties **DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

Short of the case as a whole, are there any specific issues or limited proceedings, such as motions for preliminary injunction, hearings or discovery geared toward a dispositive issue, for which partial consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) might be appropriate?

<u>Not at this time.</u>

If so, please identify those issues or proceedings to which the parties are willing to consent:

**5. Preservation.**

Did the parties discuss issues relating to the preservation of documents?

         \_\_x\_\_ Yes             \_\_\_\_\_ No

Did the parties discuss issues relating to the preservation of electronically stored information, including emails, social media, or other information?

         \_\_x\_\_ Yes             \_\_\_\_\_ No

**Chuck Booms' Position**: Plaintiff is concerned because it has been conveyed that Defendant has no records of its earlier communications with providers, such as AT&T, on which

33035207.3

platforms its stations presented Mr. Booms' *persona*. Defendant has stated its interest in to dispositively pursue the issue of liability through bifurcation, which may limit the extent of discovery -- which will ultimately harm Plaitniff's ability to obtain information that may ultimatley lead to evidence related to liability. Plaintiff believes that in all likelihood in the last decade such communication was conveyed electronically through discussion, agreement, contracts, or otherwise -- which Plaintiff finds inconcievable that such information is not available to the media Defendant at this time. Such information is clearly significant to the issue that will likely be raised by he media Defendant related to liability.

**Gray Media's Position:** In the paragraph above, Booms implies that Gray Media has destroyed or is hiding evidence. Such allegations are baseless, and Gray Media strongly denies them. Gray Media's attorney told Booms' attorney that Gray Media has program schedule emails sent to cable/streaming providers (including to AT&T) that confirm that Gray Media did not identify "Booms" as being on "*The Fifth Quarter*" show at issue, Gray Media is now in the process of gathering those emails, and it is investigating how far back the emails go.

**6.     Electronically Stored Information.**

Have counsel conferred with their respective clients about the types, sources, and volume of potentially discoverable electronically stored information?

    Counsel for Plaintiff:      _____yes_____

    Counsel for Defendant:      _____yes_____

The parties:

_____ agree that there will be no discovery of electronically stored information;

__x__ have agreed to a method for conducting discovery of electronically stored information, which they will submit to the Court for entry by January 3, 2023; or

_____ have agreed to follow the default standard for discovery of electronically stored information found in Appendix K to the Local Rules.

If using Appendix K to the Local Rules, by initialing below counsel certify that they exchanged the information required by Paragraphs 3(a) and 3(d) of Appendix K and designated an e-discovery coordinator pursuant to Paragraph 4.

    Counsel for Plaintiff    _____

    Counsel for Defendant    _____

Please identify the designated e-discovery coordinator:

Plaintiff: _____

Defendant: _____

**7.** **Claims of Privilege or Protection.**

The parties have discussed issues regarding information protected by attorney- client privilege and the work-product doctrine:

    \_\_x\_\_ Yes      \_\_\_\_\_ No

The parties have agreed to a procedure to assert these claims, or any other agreement, under Rule 502 of the Federal Rules of Evidence:

    \_\_x\_\_ Yes      \_\_\_\_\_ No

The parties have agreed on a procedure to assert claims of privilege or protection after production:

    \_\_x\_\_ Yes      \_\_\_\_\_ No

The parties agree that the Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before the Court, and further that any such disclosure does not operate as a waiver in any other federal or State proceeding:

    \_\_\_\_\_ Yes      \_\_x\_\_ No

If the parties do not believe the Court should enter an order pursuant To Rule 502(d), please explain:

**Chuck Booms' Position:** Plaintiff believes that an issue raised under this matter can be handled in a case by case basis.

**Gray Media's Position:** Gray Media believes that a subject matter waiver should occur if a party intentionally and selectively discloses only some attorney-client communications or work-product materials to support its case, but asserts privilege or work-product to shield other privileged material on the same subject matter. Gray Media believes that such a subject matter waiver is necessary to guard against the improper use of privilege as a sword and a shield. That said, given the circumstances of this case, Gray Media thinks it is very unlikely that any such issue will arise in this case, so this likely is an academic point.

33035207.3

8. **Protective Order.**

   The parties have discussed whether the Court should enter a protective order to facilitate discovery:

       __x__ Yes                 _____ No

   The parties believe the Court should enter a protective order in this case:

   __x__ Yes

   _____ No

   _____ Not at this time, but possibly later

   _____ The parties disagree

   If yes, the parties agree to follow the form protective order found in Appendix L to the Local Rules:

       __x__ Yes                 _____ No

   If the parties believe that the case warrants use of the two-tier version of the Appendix L protective order, please say so here and briefly indicate why:

   If not, please explain what variations to the form protective order found in Appendix L are needed:

9. **Recommended Plan for Case Management and Discovery.**

   **IMPORTANT NOTICE FOR PARTIES:**

   At the request of the parties, the Court will reschedule the case management conference to allow counsel to provide as complete, specific, and meaningful information as possible in this section.

   The Court understands that the information provided here will change during the course of litigation, but expects parties to exercise reasonable diligence and act in good faith to provide this information at the outset of the case.

What are the specific disputes of fact or law at the heart of the case that will drive dispositive motions, trial on the merits, or another resolution?

<u>Chuck Booms' position</u> *with respect to the issue of liability, damages & discovery*:

It is Chuck Booms' position that the media Defendant is responsible for the use of his name related to its broadcast programs that specifically sets forth each week's broadcast related to the Cleveland Browns' opponent and time of the game – and announces that he will be on the show for each specific week as a broadcast personality, when he is not. Defendant clearly contracts and/or arranges to have its programs and descriptions of the programs it broadcast placed on the guides of cable/streaming providers – such as AT&T. Otherwise, how would the cable/streaming provider know what is on Defendant's channels? Thus, it is Defendant's responsibility to verify the information that is broadcast and presented on such providers for its programs. Mr. Booms has no connection *via* privity or otherwise with such cable/streaming providers. Thus, Mr. Booms asserts that Discovery is necessary to learn, in addition to other information, the manner in which Defendant contracts and/or arranges with such cable/streaming providers this information, the nature of its communications with such providers concerning its programing and content, what Defendant has conveyed to such providers, and what Defendant does to verify information presented by such providers on platforms related to Defendant's programs.

Under R.C. 2741.02(B) and R.C. 2741.06 (which authorizes a civil action), Defendant is responsible for the use of Chuck Booms' *persona* for a commercial purpose. Mr. Booms' *persona* includes his name. R.C. 2741.01(A). Under R.C. 2741.01(B) a "commercial purpose" is defined broadly and includes the use here as advertising for Defendant's broadcast or in connection with its programing.

Thus, based on discovery from Defendant, third party subpoenas may be necessary to the cable/streaming providers – since is it appears that Defendant will claim they have no knowledge of how information of how their programing is published and presented to the public. Such third party subpoenas may be necessary, again based on discovery obtained from Defendant to obtain further information, and (if necessary) to join such providers as Defendants in this case.

The issue of damages does not reflect upon Mr. Booms' earnings or even actual damages. Under R.C. 2741.07(A)(1)(b) damages are set forth under the Statuate "***At the election of the plaintiff and in lieu of actual damage***s, statutory damages in the amount of at least two thousand five hundred dollars and not more than ten thousand dollars, as determined in the discretion of the trier of fact, . . ." (emphasis added). Thus, in less Mr. Booms wishes to proceed to obtain actual damages, the damage discovery suggested by Defendants is not relevant to this case. This election by a plaintiff is in place under the State law to protect one's privacy in the face of the obvious difficulty that existes to determine actual damages *and* profits derived to the media Defendant that are attributable to use of Mr. Booms' name.

33035207.3

**Gray Media's Position:** At this stage, the primary and threshold dispute is whether Gray Media has any control, ownership, or responsibility for what appears on the channel guide on AT&T's streaming cable television service. The gist of Booms' lawsuit is that his name incorrectly appeared on the AT&T channel guide in the description for *The Fifth Quarter*—a sports television show that airs locally after Cleveland Browns games on WOIO (Channel 19) or WUAB (Channel 43)—after Booms no longer appeared on the show in September 2019 and beyond. Gray Media owns and operates WOIO and WUAB. Gray Media, however, has checked its records and investigated internally, and it does not have any record of having told AT&T that Booms was on *The Fifth Quarter*, much less during the time when he was no longer on the show. In short, Gray Media does not know how or why AT&T listed Booms as being on the show. Because Gray Media is not affiliated with AT&T, it has no ownership or control over AT&T's television guide, and thus cannot be responsible for Boom's name appearing on the AT&T guide.

Because Booms has no evidence that Gray Media is responsible for AT&T's channel guide, Gray Media seeks leave to file an early summary judgment motion on liability and to stay discovery on damages until that motion is decided. To this end, Gray Media has served narrow discovery requests (interrogatories and document requests) to confirm that Booms only sues based on the AT&T channel guide, and he has no evidence of Gray Media causing or being otherwise responsible for Booms' name appearing on that AT&T channel guide. Although Booms' responses were due on January 2, 2024, he has not yet responded because he contends the November 30, 2023 Rule 26(f) call between the attorneys was "preliminary."

\* \* \*

Bearing in mind the proportionality requirement of Rule 26(b)(1), please provide the following information:

> What discovery, if any, is necessary to frame the disputes of law or fact identified above or other key issues? If that discovery includes depositions, please identify the deponent by name (if known), with a brief description of the witness's role in the case and what information the party taking the deposition seeks to discover.

**Chuck Booms' Position:**

      Discovery in the form of written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is needed to frame any dispute of law or fact.  Based on the information obtained in such written discovery, the parties will then decide whether and what depositions are needed in the discovery process.  The types of discovery needed -- particularly in light of the Media Defendant's is more detailed above.  It is Plaintiff's position that Defendant's interest to stay discovery is presented for another purpose to hide or cover up their liability in this case -- an issue which it believes it is entitled to dispositive relief.  There is no clear or rationale basis to stay discovery -- particularly since Defendant has stated its interest to puruse a motion a under Fed. R. Civ. P. 56 on the issue of liability, which will obviously depend on facted that need to be learned in discovery.

**Gray Media's Position:** If the Court stays damage discovery until after it decides Gray Media's early summary judgment motion on liability, Gray Media may not need much more written discovery on liability than it already has requested. Gray Media does not know whether it needs a deposition of Booms on liability until it sees his written discovery responses and document production. Gray Media will require a full deposition of Booms on damages and Gray Media defenses. In any event, a deposition of Booms, if limited to liability only, likely would be short. Gray Media also may take a short deposition of Booms' friend who first saw Booms' name on the AT&T channel guide.

For damages, Gray Media would seek documents and interrogatory responses showing how much Booms has earned as a performer and personality over the past 10 years, any contracts under which he has appeared as a performer or personality, and evidence showing how his popularity, public appearances, and earnings have declined since he was excused from his morning sports radio show *Kiley & Booms* in 2015. Gray Media would take the deposition of Booms on damages. Gray Media also may offer expert testimony on damages.

Again, mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

> Not including discovery regarding authenticity, ministerial matters, or the like:
>
> How many requests for production of documents do counsel anticipate serving?
>
> > Plaintiff:        10-30
> >
> > Defendant:        < 30
>
> How many requests for admission do counsel anticipate serving?
>
> > Plaintiff:        15-45
> >
> > Defendant:        < 10
>
> What motions, if any, do the parties anticipate filing?

**Chuck Booms' Position**:

Plaintiff understands that Defendant may seek to file a motion for summary judgment under the guidelines of this Court's Management or with leave of Court. But its position on staying discovery – will make Mr. Booms prove that issues of fact exists without the ability to learn full information in response to Defendant's argument. Thus, justice and common sense requires that Mr. Booms not be restricted in discovery to the media Defendant's unfair benefit.

33035207.3

This includes the issues of increased damages that are offered to Plaintiff under the State law. For instance, under R.C. 2741.07(A)(1)(c), punitive damages against Defendant if its agent's actions or inactions participated in the unlawful use of Mr. Booms *persona*. Mr. Booms' position is that the unlawful use of his *persona* has also occurred since at least after July 2023 to the present with the media Defendant's knowledge, which is also another topic under which discovery will be necessary for Plaintiff.

**Gray Media's Position:** Gray Media intends to file an early summary judgment motion on liability. If that motion fails, and if the Court allows it, it may file an additional motion for summary judgment at the close of discovery on liability, damages, or other discrete issues (such as no punitive damages). Gray Media does not seek in any way to limit Booms' ability to obtain discovery on liability. If the Court allows bifurcation and an early summary judgment motion, then of course Booms would be entitled to obtain discovery from Gray Media and third-parties on the liability issue.

> Do the parties anticipate serving any third-party subpoenas? If so, please identify the recipients and information sought:

**Chuck Booms' position**: Plaintiff anticipates third party subpoenas to media provides that air shows on Defendants channels – based on information disclosed and/or produced in discovery by Defendant. The information sought will be at least information presented on their media platform, how the information was obtained, and contact/communication between such media provider and Defendant.

**Gray Media's Position:** Gray Media does not anticipate serving third-party subpoenas.

Mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

> Please identify the subjects, if any, on which the parties anticipate expert testimony:

**Chuck Booms' position**: At this time, Plaintiff is unsure of whether the need for expert testimony will be needed on the issue of liability and reserves the right to present such. As stated above under R.C. 2741.07(A)(1)(b), the issue of damages is based on the Statutory provision, and as such expert testimony should not be necessary.

**Gray Media's Position:** Gray Media may have an expert on damages, but does not presently anticipate an expert on other subjects at this time.

> Please describe, in detail, the additional subjects, if any, on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

33035207.3

**Chuck Booms' Position:** With the concerns mentioned above, at this time, Plaintiff does not anticipate any "additional subjects" on which discovery is sought beyond his claims and the defenses of Defendant in this case.

**Gray Media:** Presently, Gray Media does not foresee discovery on subjects beyond what it has described above, but reserves its right to seek discovery on new or different subjects as discovery is produced and the case develops.

What changes, if any, should be made to the limitations on discovery under the Rules? Should discovery proceed in stages or phases or be sequenced in any particular fashion?

**Chuck Booms' Position:** At this time, Plaintiff does not anticipate any necessary changes in the limitations on discovery under the Federal Rules of Civil Procedure or other limitations on discovery, but this may change on the manner in which Defendant responds to Plaintiff's initial discovery.

**Gray Media's Position:** Gray Media requests that discovery proceed in stages, with limited liability discovery first, an early summary judgment motion by Gray Media on liability, and then discovery on damages would proceed if summary judgment were denied.

What other limitations on discovery, if any, do the parties believe should be imposed?

None.

What other issues do the parties anticipate arising in discovery or in the life of the case?

None foreseen at this time.

10. **Alternative Dispute Resolution.**

   The parties agree that this matter:

   \_\_\_\_\_ is presently suitable for alternative dispute resolution ("ADR") and recommend the following method:

   \_\_\_\_\_ Early Neutral Evaluation          \_\_\_\_\_ Mediation

   \_\_\_\_\_ Arbitration                       \_\_\_\_\_ Summary Jury Trial

   \_\_\_\_\_ Summary Bench Trial

   __x__   is *not presently suitable* for ADR, but may be after some discovery.

If the parties believe this matter is not presently suitable for ADR, please identify with particularity what discovery would be necessary before ADR might be appropriate:

**Chuck Booms' position**:  Plaintiff needs to obtain discovery to learn factutually how the media Defendant does not know how media/streaming service providers obtained information of what is on its programing and why such information was not changed when Mr. Booms no longer worked for the media Defendant.  Once this information is learned, Plaintiff believes the parties will be in a better position to negotitate and discuss potential resolution.

**Gray Media's Position:** Gray Media does not believe that it has any conceivable liability because it does not own or control the AT&T channel guide on which Booms sues, and Gray Media did nothing to cause Booms' name to appear on the AT&T channel guide after he was no longer on *The Fifth Quarter*, much less commit any wrongful or tortious acts against Booms. Gray Media would need to see evidence or some valid legal theory under which it plausibly could be responsible before considering paying cash to Booms.

   _____ is not suitable for ADR at any time.

If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

**IMPORTANT NOTICE:**

If the Court enters a Case Management Order with dates the parties propose, those deadlines will not be adjusted except on a showing of good cause made sufficiently in advance of the deadline.

**11. Proposed Dates.**

Subject to that admonition, the parties propose the following dates for this matter:

Cut-off Date to Amend the Pleadings: MARCH 1, 2024

Cut-off Date to Add Parties: MARCH 1, 2024

Deadline for Motions Directed at the Pleadings: MARCH 29, 2024

Fact Discovery Cut-Off:

33035207.3

   Chuck Booms' proposal: May 10, 2024, which date may change if additional parties need to be added. Defendants should not be able to present a dispositive issue on liability with limited or no discovery as it seems to suggest. It would be impractiable to require Plaintiff to demonstrate that an issue of fact exists under Fed. R. Civ. P. 56 without the benefit of discovery.

   Gray Media proposal: 120 days after ruling on early summary judgment motion ("MSJ") on liability.

Initial Expert Report(s) Due:

  Booms proposal: May 31, 2024

  Gray Media proposal: 150 days after ruling on early MSJ on liability

Rebuttal Expert Report(s) Due:

  Booms proposal: June 14, 2024

  Gray Media proposal: 180 days after ruling on early MSJ; Gray Media objects to Booms providing just two weeks between expert reports and proposes at least 30 days to serve a rebuttal report.

Expert Discovery Cut-Off:

  Booms proposal: August 2, 2024

  Gray Media proposal: 225 days after ruling on early MSJ.

Dispositive Motion Deadline:

  Booms proposal: August 16, 2024

  Gray Media proposal: 239 days after ruling on early MSJ

Status Conference: May 1, 2024.

The next status conference should be held: by phone or using Zoom

33035207.3

12. **Other Matters.**

    If there are other matters the parties would like to bring to the Court's attention, please do so here:

None.

**Signatures, Representations, and Commitments:**

The Court requires counsel and parties to sign this Report. In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

Respectfully submitted,

Dated: January 3, 2024

*David G. Phillips* /MJC

_____

David Glenn Phillips (0046827) by consent
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, OH 44103
t 216.531.0123
d.g.phillips@davidglennphillips.com

Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Attorney for Plaintiff*

*Counsel for Gray Media Group, Inc.*

33035207.3