UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, | ) |
| | ) Case No. 1:23-cv-02099-JPC |
| Plaintiff, | ) |
| | ) Judge J. Philip Calabrese |
| vs. | ) |
| | ) |
| Gray Media Group, Inc., | ) |
| | ) |
| Defendant. | ) |

**Memorandum in Support of
Gray Media's Partial Motion for Judgment on the Pleadings**

To state a claim for unjust enrichment, a plaintiff must allege that he conferred a benefit upon defendant and should, in equity, be compensated for doing so. This Court has repeatedly held that to "confer" in this context means to "bestow" or "give." Thus, when—as here—plaintiff alleges that defendant took and used something of plaintiff's without permission, such as his name or image, this Court has ruled there is no conferral by plaintiff, and unjust enrichment cannot apply as a matter of law.

Here, Booms rests his entire case on the allegation that his name was used without permission in an AT&T channel guide for a Gray Media television program. Because Booms does not allege that he gave anything to Gray Media—but instead alleges that it used his name without permission—he has not stated a claim for unjust enrichment. The Court should dismiss that claim accordingly.

**I.    The Parties**

Plaintiff Chuck Booms is an individual. He used to appear on Cleveland Browns-related television programs on WOIO 19 and WUAB 43, but that ended in 2016. (Compl. ¶ 3.)

Defendant Gray Media Group, Inc. owns local television stations WOIO 19 (the local CBS affiliate) and WUAB 43 (the local CW affiliate).

## II. Booms' Allegations

Prior to 2017, Booms appeared on a local television program called "*The Fifth Quarter.*" (Compl. ¶ 7.) It aired on WOIO or WUAB and, as its name suggests, it aired after Cleveland Browns games to recap the game. (*Id.*) Booms alleges that his name appeared "without authorization" on an AT&T channel guide for *The Fifth Quarter* after he was no longer on the show. (Compl. ¶ 5, 6.) Booms claims that the allegedly unauthorized use of his name constitutes misappropriation of his publicity rights.

Booms sues for (i) violation of Ohio's right of publicity statute, Ohio Rev. Code § 2741.01 *et seq.*; (ii) invasion of privacy by unwarranted appropriation or exploitation of one's personality[1]; and (iii) unjust enrichment.

While Gray Media denies that use of Booms' name <u>*by AT&T*</u> can be attributed to Gray Media to trigger liability, it is not asserting that particular defense with this motion, and will submit that defense for decision later as to all claims. Instead, this motion seeks dismissal only of the unjust enrichment claim (count three) to narrow and simplify the case.

## III. Law and Argument

### A. Rule 12(c) Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. Civ. R. 12(c). The legal standards for a motion for

---

[1] Ohio recognizes four separate branches of the invasion of privacy tort. *See Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051, 2007-Ohio-2451, ¶ 14-15, 61.

judgment on the pleadings are the same as those for a motion to dismiss under Rule 12(b)(6). *Meade v. Lorain County*, No. 1:23-cv-713, 2023 WL 8656902, at *3 (N.D. Ohio Dec. 15, 2023).

To survive a motion to dismiss or motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A plaintiff states a plausible claim only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. While the court presumes at the pleading stage that factual allegations are true, it does not presume the truth of conclusory allegations, legal conclusions couched as factual allegations, or implausible inferences. *See id.*; *see also Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("The court need not, however, accept unwarranted factual inferences.").

To survive, a "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**B. To state a claim for unjust enrichment, plaintiff must allege that he conferred a benefit, rather than defendant allegedly taking a benefit without permission.**

To state a claim for unjust enrichment, plaintiff must allege: (i) a benefit conferred by a plaintiff upon a defendant, (ii) knowledge by the defendant of the benefit, and (iii) retention of the benefit by the defendant under circumstances where it would be unjust to do so

3

without payment. *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183 (1984). If any of those elements are lacking, the Court should dismiss.

An unjust enrichment claim is intended "not to compensate the plaintiff for any loss or damage suffered by him but to compensate him for the benefit he has conferred on the defendant." *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 286 (2005) (quoting *Hughes v. Oberholtzer*, 162 Ohio St. 330, 335 (1954)). It is not enough that a plaintiff suffers a loss and a defendant receives a benefit; rather, "a plaintiff must establish that a benefit has been conferred upon that defendant by that particular plaintiff." *Bihn v. Fifth Third Mortgage Co.*, 980 F. Supp. 2d 892, 904 (S.D. Ohio 2013).

This Court has held that when a defendant allegedly takes something from plaintiff without permission and benefits from the taking—which is what Booms alleges here—that is not "a benefit conferred by a plaintiff" as a matter of law. *See MP TotalCare Servs., Inc. v. Mattimoe*, 648 F. Supp. 2d 956, 967 (N.D. Ohio 2009). This Court explained, "'the word 'confer' means 'to bestow from or as if from a position of superiority' or 'to give''." *Id.* (quoting *MPW Indus. Servs., Inc. v. Pollution Control Servs., Inc.*, No. 2:02-CV-955, 2006 WL 640438 (S.D. Ohio Mar. 9, 2006)). Thus, when plaintiff does not allege that he conferred a benefit upon defendant, then there is no claim for unjust enrichment and dismissal should occur. *See MP TotalCare*, 648 F. Supp. 2d at 967 (dismissing unjust enrichment claim at summary judgment because plaintiff "did not confer or voluntarily bestow on defendants. Instead, defendants took clients, employees and arguably trade secrets from plaintiff."); *see also MPW Indus.*, 2006 WL 640438, at *9 (granting summary judgment for defendant because plaintiff did not confer a benefit where defendant allegedly took a customer and business from plaintiff).

4

In *Electra v. Dreamers Cabaret, LLC*, this Court dismissed an unjust enrichment claim in a publicity rights case similar to what is alleged here. No. 5:18-cv-2706, 2019 WL 3238504, at *1 (N.D. Ohio July 18, 2019). Plaintiffs, including the model and actress Carmen Electra, alleged that defendants used plaintiffs' images online without permission to promote their club. *Id.* at *1. Plaintiffs asserted five causes of action, including unjust enrichment. Like Booms here, plaintiffs contended that defendants' use of their publicity rights without permission and without payment constituted unjust enrichment.

This Court disagreed and dismissed unjust enrichment. It held that plaintiffs alleged the opposite of "conferring" a benefit by claiming that defendants used the images <u>without permission</u>. The Court explained:

> It is not enough that defendants generally enjoyed some benefit, allegedly at plaintiffs' expense. Rather, defendants' benefit (and, by extension, plaintiffs' loss) must result from plaintiffs having *conferred* that benefit.
>
> * * *
>
> Plaintiffs have not alleged that they conferred a benefit on defendants. They have not alleged that they allowed the defendants the use of their names, images, and/or identifies, with an expectation of remuneration or compensation. The whole point of plaintiffs' complaint is that they *conferred* nothing, but that defendants *took* their images without permission and without their knowledge, and used them ...

*Id.* at *3 (emphasis in original).

### C. Booms does not allege that he conferred a benefit, so his claim should be dismissed.

Here, like the plaintiffs in *Electra*, *MP TotalCare*, and *MPW*, Booms does not allege that he conferred a benefit upon Gray Media. He does not allege that he allowed Gray Media to use his name in connection with *The Fifth Quarter* with the expectation that he would receive compensation for that use. Booms does not even provide a conclusory allegation that he

5

conferred a benefit under count three, let alone a plausible allegation supported by factual allegations. (*See* Compl. ¶ 21-24.)

He cannot make such an allegation because, as in *Electra*, his theory of the case is the opposite: namely that he conferred nothing upon Gray Media, but instead that Gray took and used his name without permission. Indeed, Booms repeatedly and unequivocally alleges that the use of his name was not conferred by him, but instead was "unauthorized," "without authorization," "without any authorization," "without written or any consent," and "without authorization or justification." (Compl. ¶¶ 5, 7, 8, 9, 12, 14, 15, 16, 18, 22, 23.) Because Booms does not and cannot allege an essential element of unjust enrichment, the Court should dismiss that claim.

## IV. Conclusion

The Court should grant judgment in Gray Media's favor on unjust enrichment and dismiss that claim with prejudice.

Respectfully submitted,

Dated:  January 24, 2024

　s/ Matthew J. Cavanagh　
Matthew J. Cavanagh (OH 0079522)
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474
mcavanagh@mcdonaldhopkins.com

*Counsel for Gray Media Group, Inc.*

6

33133657.3

**L.R. 7.1(f) Certification**

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 20 pages.

                                              *s/ Matthew J. Cavanagh*
                                              *Counsel for Gray Media Group, Inc.*

33133657.3