IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **CHUCK PLAINTIFF,** § § | | |
| *Plaintiff*, § § | § | CASE NO. 1:23-cv-02099-JPC |
| v. § § | § | Judge J. Philip Calabrese |
| **GRAY MEDIA GROUP, INC., AT&T,** § **CORP., and DIRECTV, LLC** § § | § | **ANSWER TO AMENDED COMPLAINT** |
| *Defendants*. § | | |

## DEFENDANT DIRECTV, LLC'S ANSWER

TO THE HONORABLE COURT:

Defendant DIRECTV, LLC ("Defendant") answers Plaintiff's Amended Complaint.

### GENERAL ALLEGATIONS

1. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, but does not dispute Plaintiff's residency.

2. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

3. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

4. Defendant admits that it operates in Cuyahoga County, admits it is a California limited liability company, and admits it is a multichannel video programming distributor offering DIRECTV, U-Verse and DIRECTV Stream services, but denies the remainder of the allegations in this paragraph.

5. Defendant admits that AT&T, Inc. acquired Defendant in 2015 and spun off Defendant in 2021, but denies the remainder of the allegations in this paragraph.

6.      Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

7.      Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

8.      Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph relating to Gray Media, but denies the remainder of the allegations.

9.      Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

10.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

11.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

12.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

13.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

14.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

15.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

16.     Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

17. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

18. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

19. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

20. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

21. Defendant is without sufficient information or knowledge to form a belief as to the accuracy of the allegations in this paragraph, and therefore denies those allegations.

**COUNT ONE**

22. Defendant denies Plaintiff's allegations.

23. Defendant denies associating Plaintiff's name with the broadcast that would commercially benefit it because Defendant did not financially benefit from any association of Plaintiff to the broadcast in question and because Plaintiff's name has no appreciable commercial value during the period of alleged use, and denies the remainder of the allegations in this paragraph.

24. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

25. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

26. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

27. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

## COUNT TWO

28. Defendant denies Plaintiff's allegations.

29. Defendant denies associating Plaintiff's name with the broadcast that would commercially benefit it because Defendant did not financially benefit from any association of Plaintiff to the broadcast in question and because Plaintiff's name has no appreciable commercial value during the period of alleged use, and denies the remainder of the allegations in this paragraph.

30. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

31. Denied, and this allegation otherwise states a legal conclusion to which no response is required.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which any relief can be granted.

2. Plaintiff's acts and/or omissions caused or contributed to Plaintiff's alleged injuries and/or damages, the existence of which Defendant specifically denies.

3. The acts and/or omissions of other persons and/or entities, over whom Defendant had no control nor right to control, caused or contributed to Plaintiff's alleged injuries and/or damages, the existence of which Defendant specifically denies.

4. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate his alleged damages.

5. Plaintiff's claims are barred, in whole or in part, by the statute of limitations or statute of repose.

6. Plaintiff's damages, if any, were caused or contributed to by his own contributory (or comparative) negligence, his own action or inaction, by the intervening or superseding acts of others, or by the action or inaction of third persons over whom Defendant has no ownership, control, or responsibility.

7. Plaintiff's claims are barred, in whole or in part, by the doctrines of justification and/or mistake.

8. Plaintiff's claims are barred, in whole or in part, because any alleged wrongful act or omission by Defendant was the result of a good faith and/or bona fide error.

9. Plaintiff's claims are barred, in whole or in part, by the applicable equitable doctrines of waiver, estoppel, laches, set-off, and/or unclean hands.

10. Plaintiff's claims are barred, in whole or in part, by an express or implied license.

11. Plaintiff's claims are barred, in whole or in part, by payment.

12. Plaintiff's claims are barred, in whole or in part, by consent.

13. Plaintiff's demand for punitive damages is barred by the Due Process Clause of the Fifth Amendment to the United States Constitution and similar provisions of any applicable state constitution.

14. Plaintiff lacks standing because there is no harm suffered by Plaintiff that is fairly traceable to any conduct by Defendant and any alleged harm cannot be redressed against Defendant.

15. Defendant's alleged acts are protected by the First Amendment to the United States Constitution and/or the Constitution of the State of Ohio.

16. One or more of Plaintiff's claims are preempted by the Copyright Act.

17. Plaintiff's statutory right of publicity claim is subject to and barred by one or more of the exceptions enumerated in R.C. 2741.09, including an incidental use.

18. The incidental use on which Plaintiff sues is not actionable because of a *de minimis* defense and lack of damages.

19. During the period of alleged use, Plaintiff's name, image, and likeness do not have the level of commercial value or celebrity required to state a claim for theft of publicity rights under statute or common law.

20. Plaintiff's claims are barred by accidental use or innocent misappropriation.

## PRAYER

**WHEREFORE**, Defendant prays that Plaintiff takes nothing by his claims; Plaintiff's claims be dismissed with prejudice; and that Defendant be awarded its attorneys' fees, costs, and all further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 - Telecopier

By: */s/ Jim McCown*
    James M. McCown
    jmccown@vmdslaw.com
    Admitted Pro Hac Vice

ATTORNEYS FOR DEFENDANT DIRECTV, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2024, a true and correct copy of the foregoing was served via electronic mail on all counsel of record through the Court's ECF system.

*/s/ Jim McCown*
James M. McCown