IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHUCK BOOMS<br>c/o 4403 St. Clair Avenue<br>Cleveland, Ohio 44103,[1]<br><br>        Plaintiff,<br><br>vs.<br><br>GRAY MEDIA GROUP, INC.<br>  f/n/a Gray Television Group, Inc.<br>WOIO 19/WUAB 43<br>1717 East 12th Street<br>Cleveland, Ohio 44114,<br><br>    and<br><br>AT&T SERVICES, INC.<br>  c/o Jim McCown<br>Vassar, McCown, Dear & Sicotte, L.L.P.<br>851 Dallas Parkway, Suite 525<br>Addison, Texas 75001<br><br>    and<br><br>DIRECTV, LLC<br>  c/o CT Corporation System,<br>  its Statutory Agent<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219,<br><br>        Defendants. | CASE NO. 1:23-cv-02099<br><br>JUDGE J. PHILIP CALABRESE<br><br>**SECOND AMENDED COMPLAINT**<br><br>**(Jury Demand Endorsed Hereon)** |

---

[1] Because Plaintiff Chuck Booms is a public figure and on-air personality, his residential address is not being made public, and his counsel David Glenn Phillips will accept service on his behalf for this case.

Plaintiff Chuck Booms, by and through his undersigned counsel, for his Amended Complaint against Defendants hereby states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff Chuck Booms is an individual who at all times relevant resided in Cuyahoga County, Ohio.

2. Defendant Gray Media Group, Inc., ("Gray Media") operates in Cuyahoga County, Ohio as a foreign corporation and was formally known as Gray Television Group, Inc. Since at least March 2019, Defendant has owned and operated television stations with its principal offices are located in the City of Cleveland, County of Cuyahoga, Ohio. Specifically, Defendant has owned and operated WOIO, which appears on Channel 19 and WUAB, which appears on Channel 43 in the Cuyahoga County viewing area and beyond. On information and belief, Defendant Gray Media merged with the former owner of these broadcast channels, and assumed liability for actions or inactions prior to March 2019.

3. Defendant AT&T Services, Inc. ("AT&T") operates as a foreign corporation in Cuyahoga County, and it does business as a telecommunications company.

4. Defendant DirecTV, LLC ("DirecTV") operates in Cuyahoga County, Ohio as a foreign limited liability company. This Defendant's primary service is a digital satellite service, including service through U-Verse TV, DirecTV, DirecTV Stream and/or other brands or services.

5. In or about 2015 Defendant AT&T acquired or purchased Defendant DirecTV, and in or about 2021 Defendant AT&T spun off DirecTV, U-Verse TV, and DirecTV stream into a separate entity.

6. Plaintiff is a television and broadcast personality who in the past worked and appeared on WOIO Channel 19 and WUAB Channel 43 for each of these Stations' prior owner. Plaintiff has not appeared on either WOIO Channel 19 or WUAB Channel 43 since 2016, and he has never appeared on either television channel since in or about 2016.

7. Plaintiff remains to be the sole owner of all rights to his name, image, and likeness – including any all rights of his publicity, persona, personality, or privacy.

8. Each Defendant is an owner of a medium used for advertising, including but not limited to, a television network or station, cable television system, and/or a communications network.

9. Since at least on or about September 8, 2019, and likely before, through at least on or about January 7, 2024, Plaintiff's name, publicity, persona, personality, and/or privacy without authorization was used in relation to and to promote the broadcast of "The Fifth Quarter," which is a show that aired on WOIO, WUAB, or both. Said unauthorized use continued through at least January 7, 2024.

10. Defendant Gray Media knew or should have known of the use of Plaintiff's name, publicity, persona, personality, and/or privacy and that such was used without authorization related to and to promote broadcasts on its shows that aired on WOIO, WUAB, or both since at least on or about September 8, 2019. Since in or about July 2023 Defendant Gray Media knew with certainty of the use of Plaintiff's name, publicity, persona, personality, and/or privacy without authorization related to and to promote the broadcast of the "The Fifth Quarter," which aired on WOIO, WUAB, or both.

11. Specifically, Plaintiff's name appeared and was used in the channel information

guide, which is a commercial purpose for Defendants Gray Media, AT&T and/or DirecTV, and/or other cable/streaming providers as a personality/host for the presentation of "The Fifth Quarter" a show that was broadcast on the air of WOIO, WUAB, or both.

12. When Plaintiff began to appear on "The Fifth Quarter," Defendant Gray Media's predecessor, like most entities that operate television stations – particularly those that produce shows with local contact and local broadcasters – published and made known Plaintiff's name to appear as a host for the broadcast on this show. This information was published and made publically known including to data providers and/or to channel guide providers, so that Plaintiff's name, publicity, persona, personality, and/or privacy could be used in the channel guides related to and to promote its show "The Fifth Quarter" on channels WOIO 19 and WUAB 43 on mediums presented by Defendants AT&T and DirecTV, and others.

13. Such channel guide information, including Plaintiff's name, was used, presented, and published by Defendant Gray Media's predecessor and then Defendant Gray Media for its locally produced broadcast of "The Fifth Quarter," and then which was continued to be published by Defendants AT&T and DirecTV.

14. "The Fifth Quarter" is a show that recaps the Cleveland Browns' football game that immediately follows the broadcast of each separate game. Prior to 2017, Plaintiff appeared on a number of broadcast shows that aired on Channels WOIO and WUAB, including his role as a regular, reoccurring broadcast personality host on the "The Fifth Quarter." In Plaintiff's broadcasts on the "The Fifth Quarter" as an on air personality he was widely known for his highly opinionated takes and commentaries on that week's particular Browns' game. For this reason, Defendant Gray Media used and/or permitted the use of Plaintiff's name and notoriety

4

without any authorization in an effort to attract an increased audience to each particular broadcast of "The Fifth Quarter."

15. After Plaintiff left his broadcast position on WOIO, Channel 19 and WUAB, Channel 43, the show "The Fifth Quarter" continued to be broadcast and Defendant Gray Media's predecessor never took action to remove Plaintiff's name that it used and initially published, presented, and made known related to and to promote "The Fifth Quarter" and was distributed to the public – including data providers, channel guide providers, Defendants AT&T and DirecTV, or anyone else

16. Once Defendant Gray Media took ownership of WOIO Channel 19 and WUAB Channel 43, it assumed liability for prior such publications of its predecessor – including the publication and use of Plaintiff's name. Defendant Gray Media failed to take any action to remove Plaintiff's name to prevent and/or end the continued unauthorized use of Plaintiff's name, publicity, persona, personality, and/or privacy that was initially published by its predecessor to be used in relation to and/or to promote the broadcast of its show "The Fifth Quarter."

17. As a direct and proximate result of said inaction by Defendant Gray Media – Plaintiff's name, publicity, persona, personality, and/or privacy continued to be used without authorization by Defendants for a commercial purpose related to and/or to promote "The Fifth Quarter."

18. The unauthorized use of Plaintiff's name by Defendants occurred up to 65 separate instances and possibly more to promote "The Fifth Quarter" from September 8, 2019 through January 7, 2024 on the channel guide of Defendants AT&T and/or DirecTV, and based on

5

information and belief likely other cable/streaming providers, which along with his name identified the specific channel, date, and time for "The Fifth Quarter" that followed and aired each week after that particular Browns' football game.

19. In or about July 2023, Plaintiff informed Defendant Gray Media of the aforementioned unauthorized use of his name and persona, but with such knowledge it has continued to permit his name and persona to be broadcast in the same manner to promote "The Fifth Quarter" broadcasts for the 2023 Browns season up to at least January 7, 2024.

20. Defendant Gray Media failed to take any action to end this unauthorized use – a use that began with its predecessor's publication of Plaintiff's name when he was a broadcast personality on the "The Fifth Quarter."

21. Plaintiff was not employed or compensated by Defendants, and he did not appear on any broadcasts of "The Fifth Quarter" from in or about September 8, 2019 through the present date.

**COUNT ONE**

22. Plaintiff incorporates the allegations above as if reproduced herein.

23. As set forth above, without written or any consent, Defendants used or permitted the use of Plaintiff's persona for a commercial purpose related to and to promote the broadcast of "The Fifth Quarter."

24. Defendants' conduct in this regard constitutes a violation of R.C. 2741.02, and as such, in addition to remedies provided to Plaintiff under federal, state, or common law, Defendants are liable to Plaintiff at his election either for his actual damages or statutory damages in the amount of at least $2,500 to $10,000 for each unauthorized use, punitive

damages, attorney fees, and injunctive relief for each violation.

25. Each instance Plaintiff's name was used in the channel guide to related to and to promote the "The Fifth Quarter" constituted a separate, unauthorized use of Plaintiff's persona because it pertained to a specific date and specific time that followed that particular weeks Browns' football game. Thus, at Plaintiff's election over actual damages – statutory damages in Plaintiff's favor could amount to $650,000.00 under R.C. 2741.07(A)(1)(b).

26. Defendants' conduct, as described above was done willingly and knowingly, and/or Defendants should have known of the unauthorized use of Plaintiff's persona as described herein, and Defendants have has the ability to pay damages in a civil award to Plaintiff under R.C. Chapter 2741 for each violation.

27. Since at least July 2023 and possibly before Defendants had knowledge of the unauthorized use of Plaintiff's persona, which further entitles Plaintiff to treble damages under R.C. 2741.07(D)(2).

## COUNT TWO

28. Plaintiff incorporates all of the allegations above herein by reference.

29. As set forth above, without authorization or justification, Defendants appropriated Plaintiff's name along with his publicity, persona, personality, likeness, prestige, social standing, reputation, or public interest for a commercial purpose.

30. Defendants' conduct, as described herein, directly and proximately violated Plaintiff's common law right to privacy and he is entitled to damages.

31. As a direct and proximate result of Defendants' violations of Plaintiff's privacy, Plaintiff has been damaged in excess of $25,000.

WHEREFORE, Plaintiff Chuck Booms hereby demands Judgment against Defendants, jointly and severally, in an amount that will fully, fairly, and completely compensate him pursuant to the laws of the State of Ohio, including interest, and for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, a fair and adequate sum for punitive damages, as well as Order from the Court enjoining Defendants from the conduct alleged, and where applicable all statutory damages permitted under R.C. Chapter 2741, and for any other damages supported by the law in Ohio and any other relief that the Court deems proper.

Respectfully submitted,

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS (0046827)
The Brown Hoist Building
4403 St. Clair Avenue
Cleveland, Ohio  44103
(216)531-0123
email:  d.g.phillips@davidglennphillips.com
Attorney for Plaintiff

## JURY DEMAND

Plaintiffs demand a trial by jury in this action.

/s/David Glenn Phillips
DAVID GLENN PHILLIPS
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint was served upon counsel for Defendant Grey Media and upon counsel for Defendant DirectTV through this Court's electronic filing system on this 19th day of September 2024, and Plaintiff will serve Defendant AT&T Services, Inc. with a waiver of service under Fed. R. Civ. P. 4 on this 19th day of September 2024.

/s/David Glenn Phillips
DAVID GLENN PHILLIPS
Attorney for Plaintiff