UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, ) | |
| ) | Case No. 1:23-cv-02099-JPC |
| Plaintiff, ) | |
| ) | Judge J. Philip Calabrese |
| vs. ) | |
| ) | |
| Gray Local Media, Inc. et al., ) | |
| ) | |
| Defendants. ) | |

**RULE 26(F) REPORT OF THE PARTIES**
(updated January 2, 2024)

When preparing this Report, please note that the Court will refer back to this document throughout the pretrial management of the case.

**1.      Attendance at 26(f) Conference.**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.3, a conference was held on November 11, 2024, over the phone, and attended by:

David G. Phillips, counsel for Plaintiff Chuck Booms;

and

Matthew J. Cavanagh, counsel for Defendant Gray Local Media, Inc.;

and

James M. McCown, counsel for Defendants AT&T Services, Inc. and DIRECTV, LLC. DIRECTV is the operator of the surviving entity at issue in this lawsuit. All responses herein are therefore by DIRECTV on its own behalf and on behalf of AT&T Services, Inc.

**2.      Initial Disclosures.**

The Court ***strongly*** prefers that the parties exchange *robust* initial disclosures at least 7 days *before* the Rule 26(f) conference to facilitate discussions.

**SCHEDULING THE CASE MANAGEMENT CONFERENCE:**

At the request of the parties, the Court will reschedule the case management conference to allow the parties to exchange initial disclosures before the Rule 26(f) conference.

---

**IMPORTANT NOTICE FOR PARTIES:**

Before counsel commit to dates and a discovery plan, the Court expects that they have consulted with their respective clients and that clients have provided counsel with sufficient and accurate information to conduct a meaningful conference with opposing counsel and the Court, including on matters regarding discovery of electronically stored information and the key issues on which the parties require early and limited discovery or rulings to facilitate prompt resolution, if one is possible.

Once the Court sets dates at the case management conference or at any subsequent conference, the Court will *not* change those deadlines without a showing of good cause. Good cause does not include a failure to conduct a reasonable investigation or to have an adequate conference about the issues before the deadline was set.

---

The parties:

<u> x </u>   have exchanged the initial disclosures required by Rule 26(a)(1);

\_\_\_   will exchange such disclosures by_____;

     If selecting this option, please explain why counsel decided to hold the Rule 26(f) conference without the benefit of initial disclosures:

\_\_\_   have not been required to make initial disclosures.

     If selecting this option, please identify the provision of Rule 26 authorizing an exemption:

3. **Track.**

   The parties recommend the following track for this matter:

   <u>x</u>   Standard             <u>  </u>   Expedited             <u>  </u> Complex

   <u>  </u>   Administrative       <u>  </u>   Mass Tort

4. **Consent to Magistrate Judge.**

   The parties **DO NOT** consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c).

   Short of the case as a whole, are there any specific issues or limited proceedings, such as motions for preliminary injunction, hearings, or discovery geared toward a dispositive issue, for which partial consent to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636(c) might be appropriate?

   <u>Not at this time.</u>

   If so, please identify those issues or proceedings to which the parties are willing to consent:

5. **Preservation.**

   Did the parties discuss issues relating to the preservation of documents?

           <u>x</u>   Yes             <u>  </u>   No

   Did the parties discuss issues relating to the preservation of electronically stored information, including emails, social media, or other information?

           <u>x</u>   Yes             <u>  </u>   No

3

6. **Electronically Stored Information.**

Have counsel conferred with their respective clients about the types, sources, and volume of potentially discoverable electronically stored information?

    Counsel for Plaintiff:    yes

    Counsel for Defendant:    yes

The parties:

___ agree that there will be no discovery of electronically stored information;

_x_ have agreed to a method for conducting discovery of electronically stored information, which they submitted and the Court entered as ECF 11 on January 11, 2024; or

___ have agreed to follow the default standard for discovery of electronically stored information found in Appendix K to the Local Rules.

If using Appendix K to the Local Rules, by initialing below counsel certify that they exchanged the information required by Paragraphs 3(a) and 3(d) of Appendix K and designated an e-discovery coordinator pursuant to Paragraph 4.

    Counsel for Plaintiff    _____

    Counsel for Defendant    _____

Please identify the designated e-discovery coordinator:

    Plaintiff:    _____

    Defendant:    _____

4

**7.** **Claims of Privilege or Protection.**

The parties have discussed issues regarding information protected by attorney- client privilege and the work-product doctrine:

    <u> x </u>    Yes         <u>   </u>    No

The parties have agreed to a procedure, or any other agreement, to assert these claims under Rule 502 of the Federal Rules of Evidence:

    <u> x </u>    Yes         <u>   </u>    No

The parties have agreed on a procedure to assert claims of privilege or protection *after* production:

    <u> x </u>    Yes         <u>   </u>    No

The parties have agreed on the timing, contents, and format for privilege logs.

    <u> x </u>    Yes         <u>   </u>    No

The parties agree that the Court should enter an order pursuant to Rule 502(d) that attorney-client privilege or work-product protection is not waived by disclosure connected to this matter pending before the Court, and further that any such disclosure does not operate as a waiver in any other federal or State proceeding:

    <u>   </u>    Yes         <u> x </u>    No

If the parties do not believe the Court should enter an order pursuant to Rule 502(d), please explain:

**<u>Booms' Position</u>:** Plaintiff believes that an issue raised under this matter can be handled on a case by case basis.

34521341.2

**Gray's Position:** Gray believes that a subject matter waiver should occur if a party intentionally and selectively discloses only some attorney-client communications or work product materials to support its case, but asserts privilege or work-product to shield other privileged material on the same subject matter. Gray believes that such a subject matter waiver is necessary to guard against the improper use of privilege as a sword and a shield. That said, given the circumstances of this case, Gray Media believes it is very unlikely that any such an issue will arise in this case, so this likely is an academic point.

**DIRECTV's Position:** DIRECTV agrees with Gray's position.

8. **Protective Order.**

    The parties have discussed whether the Court should enter a protective order to facilitate discovery:

        <u> x </u>   Yes      <u>   </u>   No

    The parties believe the Court should enter a protective order in this case:

    <u> x </u>   Yes

    <u>   </u>   No

    <u>   </u>   Not at this time, but possibly later

    <u>   </u>   The parties disagree

    If yes, the parties agree to follow the form protective order found in Appendix L to the Local Rules:

        <u>   </u>   Yes      <u> x </u>   No

    If the parties believe that the case warrants use of the two-tier version of the Appendix L protective order, please say so here and briefly indicate why:

    <u>The Court has already entered a two-tier protective order, *see* ECF 31</u>

    If not, please explain what variations to the form protective order found in Appendix L are needed:

6

N/A

9.      **Recommended Plan for Case Management and Discovery.**

> **IMPORTANT NOTICE FOR PARTIES:**
>
> At the request of the parties, the Court will reschedule the case management conference to allow counsel to provide as complete, specific, and meaningful information as possible in this section.
>
> The Court understands that the information provided here will change during the course of litigation, but expects parties to exercise reasonable diligence and act in good faith to provide this information at the outset of the case.

What are the *specific* disputes of fact or law at the heart of the case that will drive dispositive motions, trial on the merits, or another resolution?

**Booms' Position**: From Booms' perspective, Gray has liability under R.C. Chapter 2741 because it used his name to promote a locally produced show that continued to be broadcast on its channels since 2016 through January 2024, and that since the time Booms left Gray's employ it did not affirmatively or appropriately act to remove his name to be associated with the broadcast of such show. Gray has filed a Motion for Summary Judgment on liability, but Booms' needs to take the deposition of at least one employee of Gray and likely obtain additional declarations to adequately defend against the dispositive motion. Gray's Motion for Summary Judgment was filed on November 6, 2024, and under Loc. R. 7.1(d), Booms' Opposition is due on December 6, 2024. Booms' will need additional time to respond to Gray's dispositive motion beyond December 6th simply to engage in the necessary deposition(s) and/or to obtain the needed declaration(s). In addition to the needed time to engage in such factual discovery and preparation of a response – Booms' counsel has been noticed for jury duty in the Court of Common Pleas for Cuyahoga County, Ohio that is to commence on November 22, 2024 – which will in all likelihood interfere with his ability to engage in such depositions and prepare Booms' opposition to the dispositive motion. Booms will file a motion for such extension of time prior to the December 4, 2024 Case Management Conference.

In addition to the need to engage in discovery related to Gray's dispositive motion Booms will also need to seek discovery to other defenses that he believes Defendants will raise. These defenses will include at least that the use of his name was *de minimus,* unintentional, or incidental. Booms asserts that such defenses are unavailable as exceptions to liability under R.C. Chapter 2741. Further he believes that Defendants will raise that the use of Booms' name was not done for a commercial purpose. Booms asserts the placement of his name was specifically associated with the locally broadcast show the Fifth Quarter produced clearly as entertainment as a commercial activity to generate advertising revenue, which is a

commercial purpose.

**Gray's Position:** From Gray's perspective, the primary and threshold issue is whether Gray has any liability under Ohio's publicity right laws when plaintiff Chuck Booms' has no evidence that Gray took or used his name—a legal prerequisite for suing for theft of publicity rights. The gist of Booms' lawsuit is that his name incorrectly appeared on the AT&T channel guide in the description for *The Fifth Quarter*—a sports television show that airs locally after Cleveland Browns games on WOIO (Channel 19) or WUAB (Channel 43)—after Booms no longer appeared on the show in September 2019 and beyond. Gray Media owns and operates WOIO and WUAB. Gray has checked its records and investigated internally, and it does not have any record of having told AT&T that Booms was on *The Fifth Quarter* after he was no longer on the show. Booms has no evidence that Gray did so, and Booms admits that Gray does not own or control AT&T or the program descriptions in its television guide. Gray has moved for summary judgment of no liability on this basis. (*See* ECF 27.)

Gray has additional liability defenses that would only become relevant if Gray's pending motion is denied. Those defenses include *de minimis* use (*i.e.*, the appearance of Booms' name was merely part of a description of a program that was provided for informational purposes only, and there is no evidence that any viewer tuned in to watch *The Fifth Quarter* because he or she expected to see Booms on the program), any prior public statement by Gray that Booms was on *The Fifth Quarter* when he was actually on the program is a truthful statement of fact and thus is speech that is protected at least by the First Amendment to the U.S. Constitution, and Booms has suffered no damages.

**DIRECTV's Position:** DIRECTV contends that Plaintiff does not have publicity rights claims because the use of his name in the U-verse channel guide was unintentional and an incidental use (*de minimus*) based on information that was already in the public domain. DIRECTV further contends that it has not misappropriated Plaintiff's name or likeness, and that the use of Plaintiff's name was not for a commercial purpose for which DIRECTV (or AT&T Services) financially benefitted or could have financially benefitted. There is also no evidence that Plaintiff's name had a commercial value or that he suffered any actual damages or commercial loss by the appearance of his name in the channel guide. DIRECTV also incorporates Gray's arguments and defenses to the extent necessary.

Bearing in mind the proportionality requirement of Rule 26(b)(1), please provide the following information:

> What discovery, if any, is necessary to frame the disputes of law or fact identified above or other key issues? If that discovery includes depositions, please identify the deponent by name (if known), with a brief description of the witness's role in the case and what information the party taking the deposition seeks to discover.

**Booms' Position:** Booms will direct discovery to learn the full amount of time his name was used, with the aforementioned defenses that Defendants are likely to assert. With respect to the amount of

8

damages, Booms asserts that while actual damages are available under R.C. 2741.07(A)(1)(a), at his election he may also pursue defined statutory damages under R.C. 2741.07(A)(1)(b) in *lieu* of actual damages. In such an instance, discovery on such actual damages is not necessary and not relevant.

**Gray's Position:** Gray has moved for summary judgment on liability. If that motion is denied, then Gray will seek discovery relevant to the damages that Booms alleges, likely by interrogatory and document requests, and by deposition of Booms. Among other things, Gray will seek information and documents concerning how much money Booms has earned from publicity appearances, and any fees or compensation that Booms has received in return for use of his name, image, or likeness. Gray may also take the deposition of Booms' neighbors, who discovered the appearance of Booms' name on the AT&T program description of *The Fifth Quarter* and notified Booms about it.

**DIRECTV's Position:** DIRECTV will seek discovery on the value, if any, of Plaintiff's name and the alleged damages that Plaintiff contends he suffered from the presence of his name in the channel guide. That includes written discovery and, depending on those responses, Plaintiff's deposition (although DIRECTV will endeavor to prepare the case without the added expense of depositions).

Again, mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Not including discovery regarding authenticity, ministerial matters, or the like:

How many requests for production of documents do counsel anticipate serving?

  Plaintiff:   30-40

  Gray:   30-40

  DIRECTV:   30

How many requests for admission do counsel anticipate serving?

  Plaintiff:   20

  Gray:   <10

  DIRECTV:   20

9

34521341.2

What motions, if any, do the parties anticipate filing?

**Booms' Position:** At this state, other than procedural motions for additional time to respond to Gray's dispositive motion, Booms does not anticipate further motions to be filed.

**Gray's Position:** Gray has moved for summary judgment of no liability, which Booms has not yet opposed. If that motion is denied, Gray likely will seek leave to file a second motion for summary judgment after discovery is completed on other liability defenses and no damages.

**DIRECTV's Position:** DIRECTV will move for summary judgment on the absence of liabilty (incidental or *de minimus* use of Plaintiff's name and the lack of a commercial use) and the absence of recoverable damages. DIRECTV reserves the right to move for summary judgment on additional issues that may be raised or uncovered during discovery.

Do the parties anticipate serving any third-party subpoenas? If so, please identify the recipients and information sought:

**Booms' Position:** Booms may need to issue subpoena to data providers, channel guide providers as determined by further information learned in the discovery and litigation of this case. Booms reserves the right to further issue such subpoena upon individuals/entities that he learns have relevant information in the discovery and litigation of this case.

**Gray's Position:** Gray may issue subpoenas to Booms' neighbors, who discovered the appearance of Booms' name on the AT&T program description and notified Booms about it.

**DIRECTV's Position:** None at this time but DIRECTV reserves the right to issue subpoenas on issues currently unknown that may be raised or uncovered during discovery.

Mindful of the proportionality requirement of Rule 26(b)(1), please provide the following information:

Please identify the subjects, if any, on which the parties anticipate expert testimony:

**Booms' Position:** Booms believes that most issues of liability are factual issues upon which expert testimony is not necessary, but reserves the right to seek out expert testimony on the issue of liability if such is determined to be necessary. Booms asserts that damages are subject to the statutory damages set forth in R.C. 2741.07.

**Gray's Position:** Gray may have an expert on damages, but does not presently anticipate an expert on other subjects at this time.

**DIRECTV's Position:** DIRECTV does not anticipate any experts but reserves the right to designate a damages expert depending on information obtained from Plaintiff during discovery.

10

Please describe, in detail, the additional subjects, if any, on which discovery is likely to be sought, as well as the nature and extent of that anticipated discovery:

**Booms' Position:** The specifics of the occurrences of the instances that his name was used and the purpose of such use. Other than this and what is described above at this time, Booms does not see other subjects on which discovery is likely to be sought, but he reserves his right to seek discovery on other subjects as discovery is produced and the case develops.

**Gray's Position:** Presently, Gray does not foresee discovery on subjects beyond what is described above, but reserves its right to seek discovery on new or different subjects as discovery is produced and the case develops.

**DIRECTV's Position:** None at this time but DIRECTV reserves the right to seek additional discovery on issues currently unknown that may be raised or uncovered during discovery.

What changes, if any, should be made to the limitations on discovery under the Rules? Should discovery proceed in stages or phases or be sequenced in any particular fashion?

**Booms' Position:** None at this time.

**Gray's Position:** Gray has moved for summary judgment on liability, and thus has held off on taking discovery relevant to damages. Gray will seek discovery on damages if its motion is denied.

**DIRECTV's Position:** None.

What other limitations on discovery, if any, do the parties believe should be imposed?

**Booms' Position:** None at this time.

**Gray's Position:** None.

**DIRECTV's Position:** None.

What other issues do the parties anticipate arising in discovery or in the life of the case?

**Booms' Position:** None at this time.

**Gray's Position:** None at this time.

11

34521341.2

**DIRECTV's Position:**  None.

10. **Alternative Dispute Resolution.**

    The parties agree that this matter:

    ___ is *presently suitable* for alternative dispute resolution ("ADR") and recommend the following method:

    ___ Early Neutral Evaluation         ___ Mediation

    ___ Arbitration                       ___ Summary Jury Trial

    ___ Summary Bench Trial

    _x_ is *not presently suitable* for ADR, but may be after some discovery.

    If the parties believe this matter is not presently suitable for ADR but might be later, please identify with particularity what discovery would be necessary before ADR might be appropriate:

**Booms' Position:** Booms' position is that the addition of additional parties and the discovery that has been conducted some form of mediation may be suitable and serve judicial economy.

**Gray's Position**: Gray does not believe that it has any conceivable liability because it does not own or control the AT&T channel guide on which Booms sues, and Gray Media did nothing to cause Booms' name to appear on the AT&T program description after he was no longer on *The Fifth Quarter*, much less commit any wrongful or tortious acts against Booms. Gray Media would need to see evidence and a valid legal theory under which it plausibly could be responsible before considering paying cash to Booms.

**DIRECTV's Position:**  DIRECTV has discussed potential resolution scenarios with Plaintiff. Taking those discussions at face value, discovery is needed to guide the parties on their current settlement positions before ADR would be productive.

    ___ is *not suitable* for ADR at any time.

    If the parties believe this matter is not and will not be suitable for ADR at any time, please explain:

12

34521341.2

11. **Proposed Dates.**

> **IMPORTANT NOTICE:**
>
> If the Court enters a Case Management Order with dates the parties propose, those deadlines will not be adjusted except on a showing of good cause made sufficiently in advance of the deadline.

Subject to that admonition, the parties propose the following dates for this matter:

Cut-off Date to Amend the Pleadings: deadline passed

Cut-off Date to Add Parties: deadline passed

Deadline for Motions Directed at the Pleadings: deadline passed

Fact Discovery Cut-Off: May 16, 2025

Initial Expert Report(s) Due: June 16, 2025

Rebuttal Expert Report(s) Due: July 16, 2025

Expert Discovery Cut-Off: August 29, 2025

Dispositive Motion Deadline: September 19, 2025

Status Conference: ~ February 5, 2025

The next status conference should be held: using Zoom

Other Matters.

If there are other matters the parties would like to bring to the Court's attention, please do so here:

None

13

34521341.2

12. **Litigation Funding**

Litigants must disclose any interest that might give rise to an actual conflict or the appearance of a conflict for any party, counsel, or the Court. Therefore, in addition to the disclosures under Local Rule 3.13 and Section 2 of the Court's Civil Standing Order, each party must submit a complete list of any persons, associations, firms, partnerships, corporations (including parent corporations, direct or indirect affiliates, joint venture partners, or others), guarantors, insurers, or other entities (other than counsel of record) which:

(a) have a financial interest (direct, indirect, or as a cross-holder) in the subject matter in controversy or in a party to the proceeding or in the stock of a party (or affiliate) to the proceeding;

(b) fund (directly or indirectly) the prosecution of any claim, defense, or counterclaims; or

(c) have any other interest that could be substantially affected by the outcome of the proceeding, including but not limited to actual or functional decision-making authority with respect to litigation strategy, settlement, or other decisions normally reserved to parties or counsel.

Each party may submit this disclosure *ex parte* by email to calabrese chambers @ohnd.uscourts.gov.

Each party must physically (not electronically) sign this disclosure; counsel may sign electronically. If this information changes during the course of the litigation, counsel and parties are under a continuing obligation to update this disclosure.

**Signatures, Representations, and Commitments:**

The Court requires counsel and parties to sign this Report, and they may do so in counterparts. Parties must physically (not electronically) sign; counsel may sign electronically.

14

34521341.2

In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

_____  
Plaintiff Chuck Booms

_____  
Attorney for Plaintiff Chuck Booms

_____  
Defendant Gray Local Media, Inc.

_____  
Attorney for Defendant Gray Local Media, Inc.

_____  
Defendant DIRECTV, LLC

_____  
Attorney for Defendant DIRECTV, LLC

_____  
Defendant AT&T Services, Inc.

_____  
Attorney for Defendant AT&T Services, Inc.

15

In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

_____
Plaintiff Chuck Booms

_____
Attorney for Plaintiff Chuck Booms

_____
Defendant Gray Local Media, Inc.

_____
Attorney for Defendant Gray Local Media, Inc.

_____
Defendant DIRECTV, LLC
A.V.P., Senior Legal Counsel

_____
Attorney for Defendant DIRECTV, LLC

_____
Defendant AT&T Services, Inc.

_____
Attorney for Defendant AT&T Services, Inc.

15

34521341.2

In the case of an entity, the person signing this Report must identify his or her title and must have authority to bind the entity to the positions represented in this Report.

By signing this report, the parties certify that they have provided their counsel with sufficient and accurate information to conduct a meaningful conference after exercising reasonable diligence. Further, the parties certify that they have reviewed the information provided in Section 9 above.

By signing this report, the parties and their counsel certify that they have conferred in good faith, the answers and information provided in this Report are complete and accurate to the best of their knowledge after reasonable inquiry, and no position taken or stated in this Report is asserted for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

_____  
Plaintiff Chuck Booms

_____  
Attorney for Plaintiff Chuck Booms

_____  
Defendant Gray Local Media, Inc.

_____  
Attorney for Defendant Gray Local Media, Inc.

_____  
Defendant DIRECTV, LLC

_____  
Attorney for Defendant DIRECTV, LLC

/s/ Mark W. Fenn  
Defendant AT&T Services, Inc.  
Assistant VP, Senior Legal Counsel

/s/ _____  
Attorney for Defendant AT&T Services, Inc.

15

34521341.2