UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, ) | |
| ) | Case No. 1:23-cv-02099-JPC |
| Plaintiff, ) | |
| ) | Judge J. Philip Calabrese |
| vs. ) | |
| ) | |
| Gray Local Media, Inc. et al., ) | |
| ) | |
| Defendants. ) | |

**December 3, 2024 Declaration of Matthew J. Cavanagh**

I, Matthew J. Cavanagh, declare as follows:

1. I have personal knowledge of the facts stated herein and, if called as a witness, could and would competently testify to them.

2. I am a member at the Cleveland, Ohio, law offices of McDonald Hopkins LLC ("MH").

3. I am licensed to practice law in the state of Ohio, before the United States District Court for the Northern District of Ohio, before various other federal district and appellate courts, and before the United States Patent and Trademark Office.

4. I am one of the attorneys representing defendant Gray Local Media, Inc. ("Gray") in this case.

5. I submit this declaration in connection with Gray's opposition to plaintiff Chuck Booms' motion to extend time to oppose summary judgment (ECF 40).

6. As the lead trial attorney for Gray in this matter, I am knowledgeable about the discovery that the parties have requested and produced in this matter.

7. On February 9, 2024, Gray produced to Booms all of the weekly

34569246.2

programming emails in Gray's possession that Gray sends to AT&T and other cable and streaming providers.

8. I personally bates numbered those weekly programming emails and attachments as GMG-000031 to GMG-001370.

9. Gray and Booms have each served and responded to interrogatories, document requests, and requests for admission.

10. Gray has produced at least 1,531 pages of documents, and Booms has produced 82 pages.

11. After Gray filed its motion for summary judgment, I received a November 6, 2024 email from Booms' attorney, requesting the deposition of Gray employee Christine Arnold. A true copy of that email is attached as Ex. C-1. That email was the only request for discovery that Booms has submitted since Gray moved for summary judgment, until an email sent this evening requesting the deposition of Lisa McManus, which is addressed below at paragraph 18.

12. Ms. Arnold is an administrative assistant at Gray.

13. I am not aware of any firsthand knowledge that Ms. Arnold has relevant to the material issues in this case.

14. No party has identified Ms. Arnold as a relevant witness in their initial disclosures or in discovery responses.

15. On November 6, I emailed Booms' attorney, stated that I was not aware of any relevant knowledge that Ms. Arnold has, and asked what relevant testimony Booms seeks from her.

16. During a call on November 11, Booms' attorney represented that he sought

34569246.2

2

the deposition of Ms. Arnold because, as a longtime employee, she is familiar with the employees at Gray and likely could identify who at Gray may know about Gray publicizing Booms' name when he was actually on the program.

17. In a November 11 email, I summarized our call and recommended that Booms take a Rule 30(b)(6) deposition on this topic, rather than putting Ms. Arnold through the work and stress of a formal deposition. My email also pointed out that, in response to interrogatory no. 11, Gray had identified three different individuals likely to have knowledge about Gray's use of Booms' name when he was on the program. Lastly, I noted that Lisa McManus, who submitted a declaration in support of Gray's motion, has been at Gray for at least 20 years. Thus, I suggested that, if Booms is going to take Ms. McManus's deposition, he could ask her questions about those who may have publicized Booms' name when he was on *The Fifth Quarter*. A true copy of my November 11 email is attached as Ex. C-2.

18. I ended my November 11 email by asking Booms' attorney to advise how he "want[s] to proceed" or whether he wants to "set up another call to discuss." Booms' attorney never responded to that email, until the evening of December 3, 2024, just before this filing and on the eve of the next Court status conference, in which he requests the deposition of Ms. McManus and "likely one other individual."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 3, 2024

Matthew J. Cavanagh