# EXHIBIT C-2

## Cavanagh, Matthew J.

| | |
|---|---|
| **From:** | Cavanagh, Matthew J. |
| **Sent:** | Monday, November 11, 2024 3:19 PM |
| **To:** | 'David Phillips' |
| **Cc:** | Jim McCown |
| **Subject:** | Booms v. Gray et al. |
| **Attachments:** | Gray's Responses to 2d set of discovery requests (7.17.24)(33906754.2).pdf |

David,

To summarize our call today, you stated that you sought the deposition of Christine Arnold because you believe–based on her role and history at the station–that she would be able to identify the individuals at WOIO most knowledgeable about WOIO identifying to the public that Booms was on *The Fifth Quarter* when he appeared on that program.

I responded that the more efficient way to get that information is by using a topic in a Rule 30(b)(6) notice. This would require WOIO to designate a person to testify at deposition about the use of Booms' name when he was on the program.

Additionally, I told you that WOIO had admitted in response to a Booms' discovery request that it had, in fact, notified the public that Booms was on *The Fifth Quarter* when he appeared on that program. More specifically, that response was provided in response to Booms' Request for Admission No. 20, in which "Gray admits that WOIO, LLC generally identified Booms as being on *The Fifth Quarter* while Booms was on the program." Furthermore, in response to Booms Interrogatory No. 11, Gray identified three individuals that may have knowledge about WOIO's use of Booms' name when he was on the program: Brian Sinclair, Chris Dellecese, and Scott Carlson.  I've attached those discovery responses to this email.

Lastly, if you do take the deposition of Lisa McManus (who provided a declaration in support of Gray's MSJ), then I suggest you ask her those questions. She has worked at WOIO for at least 20 years, so should have knowledge about the history of the station.

Again, I'm not trying to be difficult, but trying to find the most efficient way to get you the discovery that Booms seeks.

Let me know how you want to proceed, or we can set up another call to discuss more after you've had a chance to review.

Regards,
Matt


**Matt Cavanagh**
Member

T: 216.348.5730
M: 216.496.5834
F: 216.348.5474
mcavanagh@mcdonaldhopkins.com
www.mcdonaldhopkins.com

600 Superior Avenue East
Suite 2100
Cleveland, OH 44114



2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Chuck Booms, | ) | |
| | ) | Case No. 1:23-cv-02099-JPC |
| Plaintiff, | ) | |
| | ) | Judge J. Philip Calabrese |
| vs. | ) | |
| | ) | |
| Gray Media Group, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**Gray Local Media, Inc.'s Responses to
Plaintiff's Second Set of Discovery Requests**

In accordance with Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, defendant Gray Local Media, Inc., fka Gray Media Group, Inc., ("Gray") provides the following objections and written responses to the second set of discovery requests by plaintiff Chuck Booms.

**Objections to "Definitions and Instructions"**

Gray objects to Boom's "Definitions" and "Instructions" to the extent they attempt to impose obligations that are greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders governing discovery. Gray will respond to discovery requests in accordance with applicable and governing laws, rules, and Court orders.

**Responses**

**REQUEST FOR ADMISSION NO. 20 (misidentified by Booms as No. 19)**

Admit that Defendant and/or its predecessor had provided and/or made known Chuck Booms' name as a host or associated with its Channels WOIO 19 and/or WUAB 43

33906754.2

and The Fifth Quarter.

**ANSWER:**

Gray objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion. Gray avers that WOIO, LLC owned the WOIO and WUAB television stations at issue prior to Gray's ownership of them, and, in 2019, WOIO, LLC merged into Raycom Media, Inc., which subsequently changed its name to Gray Media Group, Inc., which recently changed its name to Gray Local Media, Inc.

Subject to and without waiving the foregoing objection, and subject to the foregoing averments, Gray admits that WOIO, LLC generally identified Booms as being on *The Fifth Quarter* while Booms was on the program, denies that Gray or WOIO, LLC ever identified Booms as being on *The Fifth Quarter* when Booms was not on the program, denies that Gray or WOIO, LLC had any duty or obligation to tell AT&T or DIRECTV (or any other cable or streaming provider) that Booms was no longer on the program, and denies that it authored or is responsible for the AT&T or DIRECTV program descriptions on which Booms sues.

**INTERROGATORY NO. 11**

Identify, as instructed, each individual(s) who would have information of whether and how Chuck Booms' name was provided or made known by Defendant and/or its predecessor as host or associated with its Channels WOIO 19 and/or WUAB 43 and The Fifth Quarter.

**ANSWER:**

Gray objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion. Gray avers that WOIO, LLC owned the WOIO and WUAB television stations at issue prior to Gray's ownership of them, and, in 2019, WOIO, LLC merged into Raycom Media, Inc., which subsequently changed its name to Gray Media Group, Inc., which recently changed its name to Gray Local Media, Inc.

Subject to and without waiving the foregoing objection, and subject to the foregoing averments, Gray states that the following individuals may have knowledge about whether or how WOIO, LLC identified Chuck Booms as being on *The Fifth Quarter* during the time he was on the program: Brian Sinclair, Chris Dellecese, and Scott Carlson. In providing these names, Gray expressly denies that (i) Gray or WOIO, LLC ever identified Booms as being on *The Fifth Quarter* when Booms was not on the program; (ii) Gray or WOIO, LLC had any duty or obligation to tell AT&T or DIRECTV (or any other cable or streaming provider) that

Booms was no longer on the program; and (iii) Gray authored or is responsible for the AT&T or DIRECTV program descriptions on which Booms sues.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12**

Produce any documents that pertain to the preceding Request for Admission and Interrogatory.

**ANSWER:**

Gray incorporates by reference and reasserts all objections to the preceding requests. Gray further objects to this request as overly broad, not confined to relevant subject matter or a relevant time period, unduly burdensome, disproportionate to the needs of the case, seeking communications and documents protected against disclosure by the attorney-client privilege and work-product doctrine, and failing to identify the requested documents "with reasonable particularity" as Fed. Civ. R. 34 requires. As a non-limiting example, requesting "any" document pertaining to the preceding requests would require Gray to produce any document pertaining to each of the Gray employees identified in response to interrogatory 11, including every email that employee sent or received regardless of date or subject matter.

Subject to and without waiving those objections, Gray is producing with these responses non-privileged documents in its possession, custody, or control concerning the identification of Booms appearing on *The Fifth Quarter*.

**INTERROGATORY NO. 12**

Identify, as instructed, any and all data providers and/or channel guide providers that Defendant or its predecessor communicated with from 2012 through 2016.

**ANSWER:**

Gray objects to this request as overly broad, not confined to relevant subject matter or a relevant time period, unduly burdensome, and disproportionate to the needs of the case. Asking about Gray's communications with "data providers and/or channel guide providers," without regard to what those communications concerned, is far outside the scope of permissible discovery. Gray further objects to the phrase "data providers and/or channel guide providers" as vague and ambiguous and irrelevant insofar as it refers to something other than cable and streaming providers and their designees. Gray further objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion. Gray further objects to the 2012 through 2016 time frame as irrelevant because

Booms' lawsuit concerns alleged use of his name <u>after</u> 2018.

Subject to and without waiving those objections, and in accordance with Fed. Civ. R. 33(d), Gray specifies the emails bates numbered as GMG-000001 and GMG-000031 to GMG-001370, from which Booms may determine the names of the cable and streaming providers or their designees with whom WOIO, LLC or Gray has communicated about *The Fifth Quarter* or Chuck Booms.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13**

Produce any documents that pertain to the preceding and Interrogatory.

**ANSWER:**

Gray incorporates by reference and reasserts all objections to the preceding requests. Gray further <u>objects</u> to this request as grammatically erroneous with respect to the conjunction "and." Gray further <u>objects</u> to this request as overly broad, not confined to relevant subject matter or a relevant time period, unduly burdensome, disproportionate to the needs of the case, seeking communications and documents protected against disclosure by the attorney-client privilege and work-product doctrine, and failing to identify the requested documents "with reasonable particularity" as Fed. Civ. R. 34 requires. As a non-limiting example, requesting any documents pertaining to the preceding interrogatory would require Gray to produce any document pertaining to any communication with any cable or streaming provider, regardless of subject matter.

Subject to and without waiving those objections, Gray previously produced all communications with cable and streaming providers or their designees regarding *The Fifth Quarter* or Chuck Booms that are in its possession, custody, or control.

**INTERROGATORY NO. 13**

Identify, as instructed, each individual(s) who would have information of which data providers and/or channel guide provides Defendant or its predecessor communicated with from 2012 through 2016.

**ANSWER:**

Gray <u>objects</u> to this request as overly broad, not confined to relevant subject matter or a relevant time period, unduly burdensome, and disproportionate to the needs of the case. Asking about Gray's communications with "data providers and/or channel guide providers," without regard to what those communications concerned, is far outside the

33906754.2     4

scope of permissible discovery. Gray further objects to the phrase "data providers and/or channel guide providers" as vague and ambiguous and irrelevant insofar as it refers to something other than cable and streaming providers or their designees. Gray further objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion. Gray further objects to the 2012 through 2016 time frame as irrelevant because Booms' lawsuit concerns alleged use of his name after 2018.

Subject to and without waiving the foregoing objections, Lisa McManus has information about Gray's and WOIO, LLC's communications with cable and streaming providers or their designees regarding *The Fifth Quarter* or Chuck Booms.

**INTERROGATORY NO. 14**

Identify, as instructed, each individual employed by Defendant or its predecessor with the task, job, and/or responsibility of promotion of the show "The Fifth Quarter" from 2012 to the present.

**ANSWER:**

Gray objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion. Gray further objects to the 2012 through present time frame as irrelevant because Booms' lawsuit concerns alleged use of his name after 2018. Subject to and without waiving the foregoing objections, the following individuals may have been involved with or knowledgeable about the promotion of *The Fifth Quarter*: Brian Sinclair, Chris Dellecese, and Scott Carlson.

**INTERROGATORY NO. 15**

State by date and name when the hosts of the show "The Fifth Quarter" changed or were replaced from 2016 to the present.

**ANSWER:**

Gray objects to this request as overly broad, unduly burdensome, not limited to relevant subject matter, and disproportionate to the case. Gray admits that Booms did not appear on *The Fifth Quarter* since 2016, and Booms is only suing on the appearance of his name that alleged occurred after 2018, when he was no longer on the program. Thus, the names of other hosts that appeared on the program and the dates when they appeared are irrelevant because that information would not tend to make the existence of any fact that is of consequence to the determination of this action more or less probable that it would be

without that information.

**INTERROGATORY NO. 16**

State all action taken by Defendant or its predecessor to promote the change in hosts of the its show "The Fifth Quarter" from 2016 to the present.

**ANSWER:**

Gray objects to this request as overly broad, unduly burdensome, not limited to relevant subject matter, and disproportionate to the case. Gray admits that Booms did not appear on *The Fifth Quarter* since 2016, and Booms is only suing on the appearance of his name that alleged occurred after 2018, when he was no longer on the program. Thus, any action taken with respect to hosts, other than Booms, appearing on the show is irrelevant because that information would not tend to make the existence of any fact that is of consequence to the determination of this action more or less probable that it would be without that information. Gray further objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion.

Subject to and without waiving the foregoing objections, Gray states that it is not aware of it or WOIO, LLC "promoting" that a host is no longer appearing on a program because that would be in poor marketing taste. As to identifying hosts of *The Fifth Quarter*, Gray is only aware of the documents produced as Bates Nos. GMG-001404 to GMG-001415 in its possession, custody, or control. To the best of Gray's knowledge, none of those documents were provided or shown to AT&T or DIRECTV.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14**

Produce any documents that pertain to the preceding two Interrogatories.

**ANSWER:**

Gray incorporates by reference and reasserts all objections to the preceding requests. Gray further objects to this request as overly broad, not confined to relevant subject matter or a relevant time period, unduly burdensome, disproportionate to the needs of the case, seeking communications and documents protected against disclosure by the attorney-client privilege and work-product doctrine, and failing to identify the requested documents "with reasonable particularity" as Fed. Civ. R. 34 requires. Because Gray did not respond to interrogatory no. 15, it cannot produce documents pertaining to that request based on its objections. Subject to and without waiving the foregoing objections, Gray is producing with these responses the documents identified in response to interrogatory no. 16.

33906754.2                                   6

**INTERROGATORY NO. 17**

Identify, as instructed, each individual employed by Defendant or its predecessor, who would have knowledge or information of what acts were taken to promote the change of hosts for the show "The Fifth Quarter" from 2016 to the present.

**ANSWER:**

Gray objects to this request as overly broad, unduly burdensome, not limited to relevant subject matter, and disproportionate to the case. Gray admits that Booms did not appear on *The Fifth Quarter* since 2016, and Booms is only suing on the appearance of his name that alleged occurred after 2018, when he was no longer on the program. Thus, any action taken with respect to hosts, other than Booms, appearing on the show is irrelevant because that information would not tend to make the existence of any fact that is of consequence to the determination of this action more or less probable that it would be without that information. Gray further objects to the term "predecessor" as vague and ambiguous and as requiring a legal conclusion.

Subject to and without waiving the foregoing objections, Gray states that it is not aware of it or WOIO, LLC performing acts to "promote" that a host is no longer appearing on the program because that would be in poor marketing taste. The following individuals likely have knowledge about WOIO, LLC or Gray identifying hosts of *The Fifth Quarter*: Brian Sinclair, Chris Dellecese, Scott Carlson, and Lisa McManus.

Dated: July 17, 2024                 s/ Matthew J. Cavanagh
                                     Matthew J. Cavanagh (OH 0079522)
                                     McDonald Hopkins LLC
                                     600 Superior Avenue, East, Ste. 2100
                                     Cleveland, Ohio 44114
                                     mcavanagh@mcdonaldhopkins.com
                                     t 216.348.5400 │ f 216.348.5474

                                     *Attorney for Gray Local Media, Inc.*

## Certificate of Service

I hereby certify that, on July 17, 2024, I served the foregoing upon plaintiff's attorney by email: David Glenn Phillips, Esq. (d.g.phillips@davidglennphillips.com)

                                                                                                      s/ Matthew J. Cavanagh
                                                                                                      *Counsel for Defendant*