UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, | ) |
| | ) Case No. 1:23-cv-02099-JPC |
| Plaintiff, | ) |
| | ) Judge J. Philip Calabrese |
| vs. | ) |
| | ) |
| Gray Local Media, Inc. et al., | ) |
| | ) |
| Defendants. | ) |

**Gray's Opposition to Booms' Motion to Extend Time to Oppose Summary Judgment**

By rule and Sixth Circuit precedent, to obtain more time to oppose summary judgment based on a purported need for discovery, a plaintiff must do more than make a generalized claim that he needs discovery to respond to issues raised in defendant's motion. Instead, plaintiff must provide a sworn affidavit detailing exactly what discovery it needs, what material facts it hopes to get through that discovery, how those facts would create a genuine issue of material fact, and why it has not previously obtained that information in discovery.

Booms' general and conclusory motion satisfies none of those requirements, let alone all of them. He provides no affidavit. He says he needs to take depositions, but does not say how many depositions, who he wants to depose, or what facts he hopes to obtain by those unspecified depositions that are material to Gray's motion. Indeed, Gray told Booms explicitly in a January 3, 2024 Rule 26(f) Joint Report the undisputed facts on which Gray would be moving for early summary judgment. So Booms has had almost a full year to take discovery on those facts to oppose Gray's motion. Booms' motion does not say that he

34567959.3

lacked sufficient time to obtain discovery, and he gives no explanation for why he has not obtained the discovery that he says he needs over the past year.

The Court should deny Booms' motion and require him to oppose Gray's motion forthwith.

## Background

### I. Booms sues

Chuck Booms is a local sports personality. His popularity has declined significantly, if not entirely, since 2015. Back then, Booms used to appear on a Cleveland Browns post-game television program called *The Fifth Quarter*. (2d Am. Compl. ¶ 14, ECF 27 at PageID #169.) Booms has not appeared on *The Fifth Quarter* since the 2016 NFL season. (*Id.*) The program airs on Gray's local Cleveland television stations: WOIO 19 or WUAB 43. (*Id.*)

Sometime in 2023, Booms' neighbor notified him that his AT&T cable service identified Booms' name in a description of *The Fifth Quarter* on his DVR listing. (Gray Memo. in Sup. of Mot. for Sum. Judg. ("MSJ"), ECF 37-1 at PageID #382.)

Booms complained because he has not been on *The Fifth Quarter* since 2016. Booms sued Gray, and later added AT&T and DIRECTV as defendants. Booms alleges that defendants all violated Booms' publicity rights by using his name without permission. Booms sues for theft of publicity rights under Ohio statutory and common law. (*See generally* 2d Am. Compl., ECF 27.) He seeks money.

### II. Gray tells Booms why it cannot be liable and will move for early summary judgment on that basis.

Since the very start of the case, Gray has told Booms that: (a) Gray has no ownership or control over the program descriptions that appear on the AT&T cable service, (b) Gray

34567959.3

2

has never told AT&T (or any other cable or streaming provider) that Booms was on *The Fifth Quarter* after he left the program in 2016, (c) Gray does not know how or why Booms' name appeared on the AT&T info page, and (d) the weekly programming schedule emails that Gray sends to AT&T and others only identify the names of the programs and do not identify the names of individuals appearing on the programs. (*See* Rule 26(f) Report of the Parties at 4, 8, ECF 6.) Gray also notified Booms by at least January 3, 2024, that Gray would be filing an early summary judgment motion on this basis. (*See id.* at 8-10.)

**III.     The parties engage in fact discovery for almost a year.**

On February 9, 2024, Gray produced to Booms all of the weekly programming emails in its possession that Gray had sent to AT&T and other cable and streaming providers. (Cavanagh Decl. ¶ 7, ECF 43-1 at PageID #434.) Those emails and attachments are bates numbered GMG-000031-1370. (*Id.* ¶ 8.) None of those emails identify Booms as being on *The Fifth Quarter*, let alone at a time when he was not on the program. (*See* MSJ, ECF 37-1 at PageID #383.)

Gray and Booms have served and responded to interrogatories, document requests, and requests for admissions. (Cavanagh Decl. ¶ 9 at PageID #434.) Gray has produced at least 1,531 pages of documents, and Booms has produced 82 pages. (*Id.* ¶ 10.) Booms admits that the only unauthorized use of his name of which he is aware are the appearances of his name on the AT&T cable service. (*See* MSJ, ECF 37-1 at PageID #386.)

Booms also issued deposition and document subpoenas to AT&T and Red Bee Media (the company from which AT&T obtains programming information). (MSJ, ECF 37-1 at PageID #384.)

34567959.3                                                          3

## IV. Gray moves for summary judgment.

On November 6, 2024, Gray moved for summary judgment. (ECF 37.) The grounds for Gray's motion are the same ones that Gray raised in the parties' January 2023 Rule 26(f) report: Gray has not used Booms' name without permission because Gray is not responsible for the information listed on the AT&T cable service. Gray supported its motion with the declaration of Linda McManus—the WOIO employee who informs AT&T and other cable and streaming providers about upcoming program schedules. (*See* ECF 36-1.)

Booms responded to Gray's motion by requesting, by email on November 6, the deposition of Christine Arnold. (Cavanagh Decl. ¶ 11, ECF 43-1 at PageID #434.) Ms. Arnold is an administrative assistant at Gray. (*Id.* ¶ 12.) Ms. Arnold has no firsthand knowledge about the issues relevant to this case, as confirmed by no party identifying her as a witness in their initial disclosures or in discovery responses. (*Id.* ¶ 13-14.)

Gray questioned why Booms sought Ms. Arnold's deposition when she has no knowledge of the facts underlying the lawsuit. (*Id.* ¶ 15.) During a call on November 11, Booms' attorney represented that he sought the deposition of Ms. Arnold because, as a longtime employee, she is familiar with the employees at Gray and likely could identify who at Gray may know about Gray publicizing Booms' name *when he was actually on the program*. (Id. ¶ 16.) In a November 11 email, counsel for Gray summarized their call and recommended that Booms take a Rule 30(b)(6) deposition on this topic, rather than putting Ms. Arnold through the work and stress of a formal deposition. (ECF 43-3 at PageID #440.) Gray's counsel also pointed out that, in response to interrogatory no. 11, Gray had identified three different individuals likely to have knowledge about Gray's use of Booms'

name when he was on the program. (*Id.*) Thus, Booms already had the information that he sought to obtain from Ms. Arnold.

Lastly, Gray noted that Lisa McManus, who submitted a declaration in support of Gray's motion, has been at Gray for at least 20 years. (ECF 43-3 at PageID #440.) Thus, if Booms is going to take Ms. McManus's deposition, he could ask her questions about those who may have publicized Booms' name when he was on *The Fifth Quarter*. Gray's counsel ended his November 11 email by asking Booms' attorney to advise how he "want[s] to proceed" or whether he wants to "set up another call to discuss." (*Id.*)

On November 21, 2024, Booms moved to "extend the time and/or defer the time to consider a Motion for Summary Judgment filed by [Gray]." (ECF 40.) Booms did not support his motion with an affidavit, despite Fed. Civ. R. 56(d) explicit mandate that he do so. His motion also does not identify what specific individuals he seeks to depose, what testimony he hopes to obtain from those individuals, or how their testimony is essential to oppose Gray's motion. Gray now opposes Booms' motion.

## Law and Argument

**I.    A plaintiff must comply with Fed. Civ. R. 56(d) to obtain more time to oppose summary judgment.**

To obtain an extension of time to obtain discovery to respond to a summary judgment motion, a movant must meet the strict mandates of Rule 56(d). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488-489 (6th Cir. 2000). The Sixth Circuit has held Rule 56(d)—previously numbered 56(f)—is a "carefully crafted rule" and the "importance of complying with [it] cannot be overemphasized." *Cacevic*, 226 F.3d at 488. The rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1)

34567959.3                                5

>defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. Civ. R. 56(d).

A "party opposing a motion for summary judgment possesses no absolute right to additional time for discovery under Rule 56." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (cleaned up).

To comply with Rule 56(d), the movant must file an affidavit that "indicates to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *City of Memphis*, 928 F.3d at 490 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

## II. Booms has not met any, let alone all, of Rule 56(d)'s requirements.

### A. Booms failed to submit an affidavit in support of his motion.

Booms did not submit an affidavit in support of his request. Because Rule 56(d) explicitly requires an affidavit, the Court should deny his request on that failure alone. *See Mattingly v. R.J. Corman Railroad Group, LLC*, 90 F.4th 478, 492 (6th Cir. 2024) (rejecting argument that discovery should have been allowed where appellant failed to submit an affidavit under Rule 56(d)); *see also Jackson v. Transport Corp. of Am., Inc.*, No. 1:21-cv-01325-PAB, at *10 (N.D. Ohio Apr. 24, 2023) ("Here, Plaintiff did not file the required affidavit. The Court, therefore, denies his request for additional time to conduct discovery under Rule 56(d).")

As explained next, even if the Court overlooks this procedural defect, the Court should still deny the motion because Booms fails to satisfy the substantive aspects of the rule by not identifying what specific discovery he needs, how it will allow him to oppose

summary judgment, or why he has not obtained that evidence yet during almost a full year of discovery.

### B. Booms does not identify who he intends to depose, let alone what testimony he expects from those unnamed individuals.

Booms' motion states—in general and conclusory terms—that he "will need to take at least one or more depositions on the issues raised in Defendant's dispositive motion." (ECF 40-1 at PageID #395.) This falls woefully short of the specificity that Booms needed to offer. *See Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) ("general and conclusory statements in its affidavit regarding the need for more discovery" is insufficient) (quoting *Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999)). Indeed, Booms' motion does not even say who he intends to depose, let alone what testimony he expects to obtain from these unidentified and unspecified number of witnesses. The Court should deny Booms' motion for failure to identify what specific discovery and evidence he seeks to obtain.

### C. Booms does not identify any facts material to Gray's motion that he expects to obtain by deposition.

To obtain a delay for more discovery, Booms also needed to identify what particular facts he hopes to obtain and how those facts would create a genuine issue of material fact to rebut Gray's summary judgment motion. *See City of Memphis*, 928 F.3d at 490; *see also Cacevic*, 226 F.3d at 489 (rejecting conclusory claim that further discovery would allow plaintiff to successfully oppose the motion). On this point, the Sixth Circuit has held that the movant must "affirmatively demonstrate how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact." *Id.* (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)) (cleaned up).

Again, Booms provides only the conclusory assertion that he needs depositions "on the issues raised in" Gray's motion. He fails to identify a single fact that he hopes to establish by those depositions, let alone a fact that would create a genuine issue of material fact to rebut Gray's motion.

Although his motion leaves us guessing, Booms may intend to seek deposition testimony about WOIO publicizing that Booms was on *The Fifth Quarter* <u>during the period of time when he was on the program</u>. That is the subject that Booms raised after Gray filed its motion in seeking the deposition of Ms. Arnold. If so, such evidence is immaterial to Gray's motion, and thus not a basis for delaying summary judgment briefing. That is because Gray's motion relies on the undisputed facts that (i) it does not own or control the AT&T cable service on which Booms' name appeared, and (b) Gray never told AT&T or any other cable or streaming provider that Booms was on *The Fifth Quarter* after he no longer appeared on the program. Gray identifying Booms as being on *The Fifth Quarter* <u>while he was on the program</u> cannot create a genuine issue with these two undisputed facts. Thus, it is immaterial and irrelevant to Gray's motion. *See City of Memphis*, 928 F.3d at 490 ("A district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided.") (quoting *Bayer Healthcare*, 752 F.3d at 1074).

Booms contends that Gray identifying Booms as being on the program when he was actually on the program imposes a legal duty upon Gray to notify AT&T when Booms left the program. That argument, however, is incorrect and devoid of legal support. A theft of publicity rights requires that the defendant take or use plaintiff's name without permission. No case, in Ohio or elsewhere, has ever recognized a theft of publicity rights by *not* telling

34567959.3      8

third-parties that a person is no longer on a program or in a performance. It is illogical for Booms to suggest that Gray *not* using his name could equate to misappropriating his name, and no court has ever viewed *not* using a name as a misappropriation of publicity rights.

Moreover, Gray admits that it identified Booms as being on *The Fifth Quarter* when he was still on the program. (*See* ECF 43-3 at PageID #440.) Thus, that fact, in addition to being immaterial, is undisputed. Booms seeking more details about an immaterial and undisputed fact is not a valid basis for delaying Gray's right to have its summary judgment motion decided. In the end, it is undisputed that Gray has not used Booms' name without permission—an essential proof element of Booms' claims. And Booms does not identify a single fact that he hopes to obtain with discovery that will change that undisputed reality. The Court should deny his motion accordingly.

**D. Booms does not explain why—after having notice of the grounds for Gray's motion for almost a year—he has been unable to obtain discovery to oppose.**

To obtain the extension, Booms also needed to explain "why [he] has not previously discovered the information" that he purports to need. *See City of Memphis*, 928 F.3d at 490. In evaluating that issue, courts consider when the movant learned of the issue that is the subject of the desired discovery and how long the discovery period has lasted. *Id.* at 491.

Not only does Booms not say what specific information he needs, but his motion does not even attempt to explain why he has not previously obtained that information over the past year.

Again, Gray explicitly disclosed to Booms the exact grounds for its summary judgment motion in the parties' January 3, 2024 Rule 26(f) Joint Report, the undisputed facts that support it (which are the same undisputed facts cited in Gray's pending motion),

34567959.3          9

and it explicitly stated that it would be seeking early motion for summary judgment on that basis. (*See* Report, ECF 6 at Page ID #50.) Thus, Booms has had almost a full year to obtain discovery to prove Gray was responsible for his name appearing on the AT&T cable service. Indeed, Booms has obtained discovery by interrogatories, document requests, requests for admission, and subpoenas to AT&T and Red Bee Media (the company that provides AT&T with programming information). All of that discovery supports Gray's motion and confirms the material facts are undisputed. This is reason to grant summary judgment to Gray, and not reason to delay briefing.

To the extent Booms contends that he has not had the opportunity to depose people with knowledge about WOIO identifying Booms as being on *The Fifth Quarter* when he was on it, such testimony is immaterial for the reasons explained above. But, regardless, WOIO identified four WOIO employees with knowledge about WOIO identifying hosts of *The Fifth Quarter* in a July 17, 2024 response to Booms' interrogatory number 17. (ECF 43-3 at PageID #448.) Despite knowing Gray's defenses and the grounds for its forthcoming summary judgment motion, Booms never made any attempt to depose any of those witnesses.[1] Booms cannot credibly claim that he lacked opportunity to depose witnesses on that topic.

Booms does not and cannot show that he lacked opportunity to obtain discovery to respond to Gray's summary judgment motion.

**Conclusion**

For these reasons, the Court should deny Booms' motion and order him to oppose Gray's motion forthwith.

Respectfully submitted,

Dated:   December 3, 2024

  s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
mcavanagh@mcdonaldhopkins.com
t 216.348.5400 │ f 216.348.5474

*Attorney for Gray Local Media, Inc.*

---

[1] At 6:06 p.m. on the evening of December 3, 2024, Booms' attorney emailed to the undersigned a request for the deposition of Lisa McManus and "likely one other individual whether it be Christine Arnold or someone else." That email was sent on the eve of the Court's next status conference and literally moments before the undersigned was prepared to file this opposition. Gray will address this last second request at tomorrow's status conference.

## L.R. 7.1(f) Certification

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

 s/ Matthew J. Cavanagh  
*Counsel for Gray Local Media, Inc.*