UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Chuck Booms, | ) |
| Plaintiff, | ) Case No. 1:23-cv-02099-JPC ) ) Judge J. Philip Calabrese |
| vs. | ) ) |
| Gray Local Media, Inc. et al., | ) ) |
| Defendants. | ) |

**Gray's Opposition to Booms' Rule 56(d) Motion
to Extend Time to Oppose Summary Judgment**

To obtain more time to oppose summary judgment due to a purported need for more discovery, Rule 56(d) requires plaintiff Chuck Booms to identify what material facts he hopes to obtain and how those facts will create a genuine issue of material fact to rebut the motion. Booms fails to do this. Although he identifies witnesses for deposition, the information Booms seeks from them is not material to the narrow grounds on which Gray[1] moves for summary judgment.

Gray's motion applies right of publicity law to <u>one</u> undisputed fact. The undisputed fact is that the allegedly unauthorized use of Booms' name was by AT&T on its *U-Verse* program guide, not by Gray. Right of publicity law requires the plaintiff to prove that the defendant "used" his name without permission. Because, here, the challenged *use* was by AT&T (and not by Gray), Gray cannot be liable as matter of law.

Booms does not dispute that it was AT&T (and not Gray) that used his name, and, in fact, he sued AT&T and DIRECTV (the current owner of AT&T U-Verse) for doing so.

---

[1] "Gray" refers to defendant Gray Local Media, Inc.

Instead, Booms says he can also win against Gray if he proves that Gray "should have" notified AT&T when Booms did not return to *The Fifth Quarter* program for the 2017 NFL season. Booms seeks depositions that he contends will support that theory. Here's the problem for Booms: Gray did not move for summary judgment by arguing that Booms does not have enough evidence to prove that Gray should have given AT&T notice. Gray moved because right of publicity law is agnostic to what Gray *should have* done. Right of publicity law cares about what Gray actually did to answer the binary question of whether Gray used plaintiff's name. If Gray did not actually "use" Booms' name, it cannot be liable, regardless of what Booms proves Gray *should* or *should not* have done.

Thus, the only *fact* that matters to Gray's pending motion is whether it committed a "use." Because Booms does not contend that these witnesses could establish a use of Booms' name by Gray, their testimony is not material to Gray's pending motion. If Booms were to overcome the *legal* grounds for Gray's motion by showing the law does not require a "use" if defendant "should have" done something to prevent use by a third-party, then arguably he would be entitled to seek evidence on that theory later in discovery. Based on the proportionality of discovery and Rule 56(d), however, the Court should not permit such discovery[2] until after it rules on the threshold legal issue raised by Gray's motion, namely whether a "use" by the defendant is a prerequisite.

---

[2] Relatedly, none of the witnesses that Booms seeks for deposition have knowledge that would be relevant to whether Gray should have told AT&T about Booms not returning in 2017, if that issue were material to Gray's motion (it's not). For example, the "Traffic" department in which Garrett Pope works does not communicate programming information to AT&T or DIRECTV. That information comes from the local station, and Booms already deposed the station's program manager, Lisa McManus, who is responsible for communicating program information to AT&T and others. The other three individuals were involved with Human Resources and Sales and are not involved with communicating program information to AT&T or other cable/streaming providers.

Because the discovery that Booms seeks is not material to Gray's narrow motion for summary judgment, the Court should deny Booms more time to take discovery and set a deadline for him to oppose Gray's motion.

### **Background**

Gray produces and broadcasts a television program called *The Fifth Quarter*. It airs after Cleveland Browns NFL football games to recap the game. (2d Am. Compl. ¶ 2, 9, 14, ECF 27 at PageID 167-169.)

Plaintiff Chuck Booms used to appear on *The Fifth Quarter*, but he hasn't appeared since the 2016 NFL season. (*Id.* ¶ 6, 14, ECF 27 at PageID 168-169.)

Booms sues because his name incorrectly appeared in an AT&T description of *The Fifth Quarter* on an AT&T program guide. (*Id.* ¶ 18, ECF 27 at PageID 170-171 ("The unauthorized use of Plaintiff's name occurred … on the channel guide of Defendants AT&T and/or DirecTV").)

Booms admits the use of his name on the AT&T guide is the only use on which he sues. (*See* Booms' Resp. to Req. for Admission No. 1, 5/23/24, Ex. C-9, ECF 35-10 at PageID 363-64.) And Booms admits that he has no evidence that Gray owns, controls, or is otherwise responsible for AT&T's cable service platform. (*See* Booms' Resp. to Req. for Admission No. 5, 8/26/24, Ex. C-4, ECF 35-5 at PageID 290.)

Gray moved for summary judgment on two undeniable truths: one legal and one factual. Legally, to recover for theft of publicity rights in one's name—whether under statute or common law—plaintiff must identify a "use" of his name by defendant. Factually, it is undisputed that Gray did not "use" Booms' name because the use on which Booms sues was <u>by AT&T</u>, not by Gray. (*See generally* Mot. for Summ. J., ECF 37.)

On November 21, 2024, Booms moved for an extension of time to oppose summary judgment. (ECF 40.) On December 5, 2024, the Court granted that motion and required Booms to respond to Gray's motion by January 17, 2025. (ECF 45.) The Court stated at the December 4, 2024 conference that, by the January 17 deadline, Booms must file either (a) an opposition brief, or (b) a Rule 56(d) motion if Booms contends that he needs additional discovery to oppose.

On December 16, 2024, Booms took the deposition of Gray's program manager, Lisa McManus. She is the program manager at Gray and provides station program information to the cable and streaming providers, and she provided an affidavit in support of Gray's summary judgment motion. Although a court reporter recorded McManus's deposition stenographically, Booms never ordered the transcript.

On January 16, Booms filed a Rule 56(d) motion seeking additional time to take at least four more depositions to oppose Gray's motion. (ECF 46.) Gray now opposes because none of the depositions that Booms seeks are material to the narrow grounds on which Gray bases its motion, and thus the Court should deny Booms' motion.

### Law and Argument

I. **The Court should disregard lawyer characterizations of McManus's deposition testimony without the transcript.**

Rather that rely on the transcript of the McManus deposition, Booms provides an affidavit from his lawyer that characterizes his memory of McManus's deposition testimony. (*See* ECF 46-2.) This is improper. To rely on McManus's deposition testimony, Booms needed to obtain and produce the transcript and cite what specific lines of testimony he believes support his characterizations of her testimony. Indeed, his failure to

35609102.1      4

do so suggests that he knows the transcript does not help his cause and prefers his attorney's self-serving rendition of her testimony in lieu of her actual testimony. The undersigned contacted Booms' court reporter, and she confirmed that Booms never requested that a transcript be made. The Court should disregard this lawyer hearsay testimony and the characterizations that Booms draws from it.

**II.     Booms fails to identify additional discovery that would create a genuine issue of material fact to rebut Gray's narrow motion.**

**A.     To obtain an extension under Fed. Civ. R. 56(d), Booms must identify (a) what specific facts he expects to obtain with more discovery, and (b) how those facts would create a genuine issue of material fact.**

To obtain an extension of time to obtain discovery to respond to a summary judgment motion, a movant must meet the strict mandates of Rule 56(d). *See Cacevic v. City of Hazel Park*, 226 F.3d 483, 488-489 (6th Cir. 2000). The Sixth Circuit has held Rule 56(d)—previously numbered 56(f)—is a "carefully crafted rule" and the "importance of complying with [it] cannot be overemphasized." *Cacevic*, 226 F.3d at 488. The rule states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. Civ. R. 56(d). A "party opposing a motion for summary judgment possesses no absolute right to additional time for discovery under Rule 56." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (cleaned up).

To comply with Rule 56(d), the movant must file an affidavit that "indicates to the district court [the party's] need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information." *City of Memphis*, 928 F.3d at 490 (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004)).

The movant must identify what particular facts he expects to obtain and how those facts would create a genuine issue of material fact to rebut the summary judgment motion. *See City of Memphis*, 928 F.3d at 490; *see also Cacevic*, 226 F.3d at 489 (rejecting conclusory claim that further discovery would allow plaintiff to successfully oppose the motion). On this point, the Sixth Circuit has held that the movant must "affirmatively demonstrat[e] how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact." *City of Memphis*, 928 F.3d at 490 (quoting *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)) (cleaned up).

**B. Booms does not identify any facts that, if obtained, would create a genuine issue of material fact to rebut Gray's motion.**

Gray's motion relies upon one fact: the use on which Booms sues was on an AT&T program guide for *The Fifth Quarter*. None of the witnesses that Booms seeks to depose could possibly change that fact, Booms does not argue that they could, and Booms admits that the use by AT&T is the only use on which he sues (*see supra* p. 3).

Instead, Booms seeks witness testimony that he contends will show that Gray "should have" notified AT&T when Booms was not returning to *The Fifth Quarter* after the 2016 NFL season. More specifically, Booms contends that Garrett Pope would have "information of the difference in communication related to locally produced shows or such communication in general before the transition in ownership," Brian Sinclair and Renee Morely would have "knowledge of the manner in which Mr. Booms' name was made known related its show and programming," and Delia Feliciano "may have information of Defendant's actions to provide notification when its on-air anchors left the station." (Phillips Decl. ¶ 4(E), 4(H), 4(I), ECF 46-2 at PageID 472-473.)

35609102.1                                6

Thus, Booms is not seeking testimony that Gray actually "used" Booms' name without permission, but instead he seeks testimony that he contends would show that Gray *should have* notified AT&T when Booms did not return, and that doing so would have caused AT&T not to use Booms' name in its program guide. But what Gray allegedly *should have* done over eight years ago—and what would have happened in that hypothetical world if Gray did so—is legally irrelevant to Gray's motion. The decisive legal issue raised by Gray's motion is that, as a matter of law, Booms must prove a "use" by Gray. No court has ever found a misappropriation of publicity rights based on a defendant allegedly *not* preventing a third-party from using plaintiff's name. All case law requires "use" by the defendant to establish liability. (*See* Memo in Supp. of MSJ, ECF 37-1 at PageID 385-386.)

Indeed, Booms' liability theory against Gray is not only contrary to law, but also breaks logic. He contends that Gray is liable because it did **_not_** use the "Booms" name to tell AT&T that Booms would not be returning for the 2017 NFL season. That theory dispositively forecloses liability because it admits that Gray did not use Booms' name, and "use" is an essential proof element of its claims. It is illogical to suggest that _not using_ a person's name to give notice could equate to a _use_ of that person's name. Booms does not need fact discovery to respond to Gray's purely legal argument that "use" is an indispensable proof element. He needs to cite case law that says a plaintiff can prove misappropriation without a "use" by defendant. There is no such case law because that is not the law, as confirmed by Booms steadfastly dodging that dispositive legal problem.

This is not a negligence case, where plaintiff must prove that defendant had a duty to do or not do something, defendant breached that duty, and damages resulted. The publicity rights laws are strict liability: one must not use another's name for a commercial

35609102.1                               7

purpose without permission regardless of fault. *See* Ohio Rev. Code § 2741.02(A). Obtaining evidence that Booms contends shows Gray *should have* done or not done something is not relevant under the publicity rights laws selected by Booms. If Booms disagrees that a use is required, he must present case law that holds otherwise. Only if the Court denies Gray's motion, would discovery on what Gray should have done after Booms left the show more than eight years ago possibly become relevant. Until the Court decides the threshold question of whether liability can exist without a "use" by defendant, the discovery that Booms seeks is immaterial.

This is exactly why Gray moved for summary judgment early: the discovery that Booms seeks is unnecessary and disproportional when it is undisputed that Gray did not commit the challenged *use* and the law requires a *use* by the defendant to proceed.

### **Conclusion**

The Court should not allow further discovery to oppose Gray's motion and should set a date by when Booms must file his summary judgment opposition.

Respectfully submitted,

Dated:  January 28, 2025

  s/ Matthew J. Cavanagh
Matthew J. Cavanagh (OH 0079522)
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
mcavanagh@mcdonaldhopkins.com
t 216.348.5400 │ f 216.348.5474

*Attorney for Gray Local Media, Inc.*

**L.R. 7.1(f) Certification**

In accordance with Local Rule 7.1(f), I hereby certify that this case is on the standard track and that the foregoing memorandum complies with the applicable page limitation of 15 pages.

                                                   s/ Matthew J. Cavanagh
                                                   *Counsel for Gray Local Media, Inc.*